[Civil No. 4605.   Filed March 27, 1944.]

[147 Pac. (2d) 490.]

VESTER HENDERSON, in Behalf of Himself, and All Other Members of Journeymen Barbers International Union of America, Local No. 709, Appellant, v. MIGUEL UGALDE and FELIPE M. CHAOSS, Appellees.

Messrs. Cusick and Lyons, for Appellant.

Mr. John L. Van Buskirk and Mr. C. T. Reddington, for Appellees.

STANFORD, J.—This case comes from the Superior Court of Pima County located at Tucson, Arizona, and was tried before the Honorable Evo De Concini. The action was brought by the appellant on behalf of

himself, and all other members of Journeymen Barbers International Union of America, Local No. 709, and asks for a restraining order and damages against the appellees. The application for the order was based on the complaint alleging that the union entered into a contract with the appellees, who were licensed journeymen barbers, whereby the appellees agreed to keep their shop open only certain hours; maintain a certain minimum price for services and employ only union barbers, but instead the appellees were keeping their shop open after the hours agreed to in the contract.

To the complaint the appellees filed their motion for dismissal of the complaint on the grounds that "same is based upon a contract that is voidable and is without consideration and is in restraint of trade, and interminable."

In rendering judgment the trial court expressed the questions and issues to be as follows:

"1. Whether or not it is necessary for the parties to submit to the Barbers' Board for mediation before bringing action. 2. Whether or not there is 'Mutuality.'"

The court granted the motion of the appellees.

The statute referred to herein as one of the bases for the ruling of the trial court is Sec. 67–123, Arizona Code 1939, which reads as follows:

"*Mediation.*—The board shall act as mediator and arbitrator in any controversy or issue relating to barbering which may arise between or among barbers, either as individuals or as organized groups."

In the case of *Montaldo* v. *Hires Bottling Co.*, 59 Cal. App. (2d) 642, 139 Pac. (2d) 666, 667, which opinion was rendered in 1943, the court said:

"The defendant, Hires Bottling Company, has appealed from a judgment enjoining it from violating

the provisions of a collective labor agreement which it entered into with Bottlers Local Union No. 293 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Branch No. 2, regulating the employment, wages, hours and services of workmen hired by the bottling corporation. The decree enjoins the defendant from employing workmen except through the agency of Bottlers Local Union No. 293, who are members of that union in good standing. The judgment also contains a mandatory injunction requiring the defendant to discharge all employees who were not hired through the agency of that union, and those who are not members thereof in good standing. . . . September 10, 1940, the defendant executed a written collective bargaining labor contract with the local Bottlers Union by the terms of which the defendant agreed to employ through the agency of that labor union only workmen who are members thereof in good standing. The defendant also agreed to pay specified wages and to abide by prescribed rules with respect to hours of service and employment. . . . ''

The foregoing case also has the following to say in reference to consideration or want of mutuality:

''In the absence of particular detrimental acts, conduct or circumstances in violation of the terms of a collective labor agreement, it has been frequently held that contracts similar to the one which is involved in this case are valid as against ordinary claims of lack of consideration or want of mutuality. *Gates* v. *Arizona Brewing Co.*, 54 Ariz. 266, 95 Pac. (2d) 49; *Rentschler* v. *Missouri Pac. R. Co.*, 126 Neb. 493, 253 N. W. 694, 95 A. L. R. 1; 31 Am. Jur. 875, sec. 104; *Weber* v. *Nasser,* Cal. App., 286 Pac. 1074; 95 A. L. R. 21, note.''

The injunction granted by the trial court was sustained in the foregoing opinion.

We observe that the trial court's grounds for the decision in this case were not raised in the pleadings, and we also observe and hold that compliance with

Sec. 67–123, of our Code, in reference to the board acting as mediator and arbitrator was waived by all of the parties to the contract in question.

■ 3 Am. Jur. on page 893 under Section 9 has this to say:

"When the effect of arbitration statutes is to coerce parties to submit to arbitration, without any agreement or assent on their part to do so, the courts have not hesitated to declare them unconstitutional. . . . "

And that statement is supported by the following cases:

"*Dorchy* v. *Kansas,* 264 U. S. 286, 44 Sup. Ct. 323, 68 L. Ed. 686; *Chas. Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522, 43 Sup. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280."

The section of our Code on mediation is good as far as it goes. It is not a compulsory section in the sense it has been interpreted. Had the litigants asked the board to serve as mediator and arbitrator, they would have been compelled to do so.

■■ We hold that the appellant had a perfect right to proceed through the courts by his action, and we also hold that, in keeping with the case of *Montaldo* v. *Hires Bottling Co., supra,* the contract is valid as against the claim of lack of consideration or want of mutuality.

The case is reversed and remanded.

McALISTER, C. J., and ROSS, J., concur.