Hillsborough, } No. 3944.
Nov. 17, 1950. }

JOURNEYMEN BARBERS &c. UNION *v.* FRANK A. MAZUR.

*John J. Broderick,* for the plaintiff.

*Sheehan, Phinney & Bass,* for the defendant.

BLANDIN, J. The main question here is whether the contract between the plaintiff and the defendant is valid, or as the defendant claims is void for lack of consideration. We believe that the agreement is valid. Squarely in point appears the case of *Henderson* v. *Ugalde,* 61 Ariz. 221, where a barbershop proprietor claimed that a contract with a barbers' union similar in the main to the one before us lacked consideration and was unenforceable. The court denied the defendant's contention and upheld the contract citing numerous authorities. See also, Teller, Labor Disputes and Collective Bargaining, *s.* 163 (1950 Supp.).

The case of *Wicklund* v. *Commissioner*, 18 Wash. (2d.) 206, cited by the defendant does not seem pertinent. There the court held that nonunion employees, who had not accepted the union as their bargaining agent under a collective bargaining agreement, and who were idled on account of a strike were not "directly interested" in the labor dispute so as to be disqualified from receiving compensation. The question of a lack of consideration in the contract between the union and the employer was not before the court and it is not perceived that this decision affects the present case.

Since the decree entered by the Superior Court is correct, it is unnecessary to consider the exceptions to the findings and rulings upon which it was based.

*Decree affirmed.*

LAMPRON, J., did not sit; the others concurred.