NORMAN S. TICE, APPELLANT, v. THE COMMISSIONERS OF THE CITY OF LONG BRANCH ET AL., RESPONDENTS.

Submitted July 10, 1922—Decided November 20, 1922.

1. Specifications for public work should be precise and definite upon all the essential elements that enter into the competitive scheme. They should be the same for all, where no common standard is set up, no competition is proposed.
2. Specifications inviting bids for the collection and removal of garbage in which there is no method of disposal provided for are too indefinite and uncertain. A municipal contract awarded thereunder will be set aside.

On appeal from the Supreme Court.

For the appellant, *Reilly, Quinn & Parsons*.

For the respondents, *Thomas P. Fay* and *Leo J. Warwick*.

The opinion of the court was delivered by

BLACK, J. The only problem for solution in this case is, Are the specifications inviting bids for a garbage removal contract sufficiently definite and precise so as to secure actual competitive bidding as required by law?

The court said in the case of *Browning* v. *Freeholders of Bergen*, 79 *N. J. L.* 494, 497, when no common standard is set up, no competition is proposed. It is universally recognized where there is no common standard there is no competition. So, in *Johnson* v. *City of Atlantic City*, 85 *Id.* 145, whatever element enters into the competitive scheme, it should be the same for all, not left for each bidder to fix for himself, and thereby estimate his bid upon a basis different from that of any other bid. The general vice of such a course is, no common standard for competition is set up. *Armitage* v. *Mayor, &c., of Newark*, 86 *Id.* 9; so, in the case of *Ricketson* v. *City of Milwaukee*, 105 *Wis.* 591; 47 *L. R. A.* 689. The indefinite character of the specifications and

the absence of plans had the effect of stifling all competition. Each bidder was called upon to make a proposal, resting largely upon his own judgment, with absolutely no guide as to details. No one could tell which was the lowest bid, because no two would be on the same basis. That fact alone condemns the action taken.

The purpose of the law obviously is to secure economy, to prevent fraud, favoritism and extravagance, so that all bidders will be on the same basis in matters material to the proposed municipal action. The rule is one which is rooted deep in sound principles in public policy of general application. It should be rigidly adhered to by the courts and not frittered away by a careless or indifferent application to specifications that are not clear, precise and definite on all matters that are material to the proposals, to which bidders are invited to compete. The necessity of having a common standard and the importance of definite and precise specifications upon which to found corporate action are too apparent to require argument. When we turn to the specifications in the case under discussion and test them by the rule above stated, we find there is no plan or method of disposal of garbage provided for. This is left entirely to the discretion of the commissioners, thus paragraph 5 provides: "Awards will not be made until it has been shown to the satisfaction of the board of commissioners that the method of disposal proposed can be conducted without nuisance or injury to public health"; paragraph 6, "the contractor will be required to furnish evidence satisfactory to the board of commissioners that he or they have permission from the proper authorities of the municipality in which it is intended to dispose of such offal, garbage, &c.,  *  *  *  and there to make such proposed disposal during the entire term of the contract." Paragraph 13 provides for the kind of vehicles to be used. Thus, the bidders are in the dark as to the method of disposal of the garbage. It is left entirely to their discretion what method of disposal they will submit to the board and what evidence is satisfactory to the board of commissioners. This precise point was considered, in a collection

and disposal garbage specifications, in a well-considered case in the Maryland Court of Appeals. *Packard* v. *Hayes*, 94 *Md.* 233, 248. The absence of a method of disposal was held to be fatal by that court, the court saying no scheme or method of disposal was indicated or described therein to be bid upon or contracted for, nor were any plans for operating or putting into effect such scheme or method as might be adopted.

It is argued, however, that the collection and removal of garbage has something about it which is not susceptible of precise and definite specifications. It is *sui generis,* so to speak, but this is more plausible than sound. There is nothing in the law to prevent alternative proposals alike in terms for all bidders. The rule stated and the application thus made find support not alone in our courts, but in the courts of other jurisdictions, of which the following citations are illustrative: *Johnson* v. *City of Atlantic City,* 85 *N. J. L.* 145; *MacKinnon* v. *Mayor, &c., of Newark,* 100 *Atl. Rep.* 694; *Van Reipen* v. *Mayor, &c., of Jersey City,* 58 *N. J. L.* 262, 271; 30 *L. R. A. (N. S.)* 214, 222; *Board of Finance* v. *Jersey City,* 57 *N. J. L.* 452; 28 *Cyc.* 659; 19 *R. C. L.* 1070, ¶ 357; *Chippewa Bridge Co.* v. *Durand,* 122 *Wis.* 85, 97; *Mazet* v. *City of Pittsburgh,* 137 *Pa. St.* 548.

The judgment of the Supreme Court is reversed, and the award of the contract is set aside.

*For affirmance*—THE CHANCELLOR, BERGEN, WHITE, WILLIAMS, VAN BUSKIRK, JJ.  5.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, GARDNER, JJ.  8.