65 N.J. Super. 461 (1961)
168 A.2d 84
HAROLD SHAW, PLAINTIFF-APPELLANT,
v.
MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WAYNE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1961.
Supplementary Briefs Filed February 3, 1961.
Decided February 21, 1961.
*462 Before Judges GOLDMANN, FOLEY and DRENK.
*463 Mr. Howard Stern argued the cause for appellant (Messrs. Hofstra & Hofstra, attorneys).
Mr. Peter J. Van Norde argued the cause for respondents (Mr. William F. Johnson, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff brought an action in lieu of prerogative writs to have declared invalid a section of the Wayne Township zoning ordinance which prohibited second-hand or used car lots except when incidental to the operation of a new car agency. He also sought an order directing defendants to issue him a license for the operation of a used car lot. The parties made cross-motions for judgment; plaintiff's was denied and defendants' granted.
The facts are not in dispute. Plaintiff applied for a license to sell used cars. It is admitted that he complied with all the procedural requirements of the licensing ordinance. His application was rejected on the ground that the use was in violation of the township zoning ordinance which, by amendment adopted in 1957, specifically prohibited the following use in business districts:
"12. Second hand or used car lots except when incidental to the operation of a duly franchised new car agency." (Italics ours for subsequent reference)
Plaintiff's premises are located on Route 23 in the township. We are informed that the front portion lies within a business zone, and the rear in an industrial zone. He operates a junk yard at the rear  a permitted use under the zoning ordinance provisions governing industrial districts. He wants to store used cars in the front area. A sign located on this portion of the premises reads: "S & S Wreckers."
Subsequent to the rejection of his license application, plaintiff instituted this action, alleging that the limitation on the operation of used car lots in business districts is *464 arbitrary, unreasonable, discriminatory and unlawful, and that the 1957 ordinance, as applied to him, denies him equal protection of the law. Defendants' answer admitted the factual allegations of the complaint (with the exception of the allegation that all procedural requirements were met in applying for a license  and this was later admitted), but denied the invalidity of the quoted provision.
Argument on the cross-motions was held May 27, 1960, at the conclusion of which the trial judge specifically ruled that the purported distinction between used car lots operated in conjunction with a new car agency and those that were not, was invalid. He quoted from Roselle v. Wright, 21 N.J. 400, 409-410 (1956), in support of that conclusion, and referred to our decision in Van Corporation v. Mayor, etc., of Ridgefield, 41 N.J. Super. 74, 82 (1956). There then arose the question as to whether the above italicized portion of paragraph 12, though invalid, was severable, so that the paragraph would then refer only to second-hand or used car lots being prohibited in a business zone. The trial judge said that he would give the municipality an opportunity to determine within a reasonably short time whether or not it proposed to bar all used car lots. If it did, it could amend the zoning ordinance to so provide.
It should be observed that at no time during the argument on May 27 did plaintiff make known to the court that it had been using the front portion of its premises to store used cars, and therefore claimed a nonconforming use. The trial judge first learned of this on the continued date of the argument, held July 1, 1960. At that time counsel stipulated that plaintiff had been operating a used car lot for more than a year, despite the prohibition in paragraph 12 of the zoning ordinance and the denial of applications theretofore made by him for a used car dealer's license under the licensing ordinance. On the basis of that operation, plaintiff argued that if paragraph 12 was invalid in its entirety, he had a legal nonconforming use, and thus any further amendment of the ordinance could not affect him.
*465 When the trial judge again raised the question as to whether the italicized portion of paragraph 12 was severable, plaintiff's attorney advanced the argument that since the exception in favor of new car dealers set up a class within a larger class (second-hand or used car lots), the invalidity of the subclass must result in the striking down of the entire paragraph.
At the conclusion of the argument the court observed that the basic problem was one of determining the legislative intention. He found the intent of the township governing body was to prohibit used car lots. The fact that it had attempted to exempt from this specific prohibition used car lots incidental to the operation of a new car agency, and that the attempted exemption was invalid, did not affect the basic legislative intent. He held that the italicized portion of paragraph 12 was invalid but severable, so that the rest of the paragraph prohibiting second-hand or used car lots could stand. Accordingly, plaintiff's right to a legal nonconforming use had never come into existence. The judgment here under appeal was entered July 26, 1960.
At the time of the July 1 argument the trial judge was not told that the township governing body had under consideration an ordinance that would amend paragraph 12 to read, once more, "Second hand or used car lots." Nor, apparently, did anyone at any time before entry of judgment inform him that the amendment had been adopted on July 5. Here we perceive the same lack of communication as characterized the May 27, 1960 argument, when counsel failed to inform the court of the possible existence of a nonconforming use.
But this is not all. Not until after oral argument and after we had requested supplementary briefs on the question of the effect of the July 5, 1960 amendment, did counsel or the court learn that second-hand or used car lots had been prohibited in business zones as early as 1955, by reason of a zoning ordinance amendment adopted in August of that year. This amendment, as will be seen, casts an entirely *466 different light on the case. How it came to be overlooked by counsel is not explained.
The factual picture, now finally revealed in all its detail, may be summarized in this fashion:
1. Wayne Township first adopted a comprehensive zoning ordinance in 1949. Section 5(a) dealt with permitted structures and uses in business districts, but specifically prohibited 11 separately numbered categories of buildings and uses. Among these were: "5. Junk yards and automobile wrecking yards or dissembly [sic] plants," and "10. The storage, sorting, bailing of scrap paper, iron, bottles, rags or junk."
2. By ordinance adopted August 2, 1955, section 5(a) of the zoning ordinance was amended (more accurately, supplemented) by adding a new prohibited use: "12. Second hand or used car lots."
3. By ordinance adopted March 19, 1957, section 5(a), paragraph 12, was further amended to read: "12. Second hand or used car lots except when incidental to the operation of a duly franchised new car agency."
4. Plaintiff, it is stipulated, operated a used car lot on the front half of his premises located in a business zone for more than one year prior to the filing of his complaint on March 16, 1960  i.e., prior to March 16, 1959.
5. By ordinance adopted July 5, 1960, section 5(a), paragraph 12, was again amended to read: "12. Second hand or used car lots."
The Law Division judgment may be supported on either of two grounds: (1) the separability of the language in the 1957 amendatory ordinance which excepted from the prohibition against second-hand or used car lots those lots "incidental to the operation of a duly franchised new car agency"; or (2) the 1955 amendatory ordinance if the 1957 one be held invalid in its entirety. We will consider these grounds of affirmance in the order mentioned.
We agree that the exception contained in the 1957 amendatory ordinance in favor of used car lots incidental to the operation of a new car agency was invalid, and this for the reasons stated in Roselle v. Wright, above, 21 N.J., at pages 409-410. The distinction attempted to be drawn between a used car lot connected with a new car agency and one that was not, was arbitrary and discriminatory, and an improper exercise of the zoning police power.
*467 The question as to whether the exception made in favor of used car lots incidental to a new car agency is severable from the rest of paragraph 12 is primarily one of legislative intent. Plaintiff relies upon Rutgers Chapter, etc. v. New Brunswick, 129 N.J.L. 238, 241 (Sup. Ct. 1942). That case dealt with R.S. 54:4-3.26, which granted tax exemption to fraternal organizations generally, but then went on to exclude college fraternities from the exemption. Plaintiff successfully attacked the section. The college fraternity exclusion was held discriminatory and therefore invalid. The court found that unless R.S. 54:4-3.26 were viewed as a unitary whole, its terms interdependent and indivisible in substance, the plainly expressed legislative intention would be frustrated. It held that the clause excepting college fraternities from the substantive provision of the statute granting fraternal organizations exemption from taxation was inseparable from the rest of the section. Since the college fraternity exception was unconstitutional, the substantive provision which it qualified could not stand. To hold the exception distinct and severable from the underlying general enactment, said the court, would be to concede an exemption to college fraternities in defiance of the declared legislative will, and thus read into the statute an exemption expressly withheld  a palpable usurpation of the legislative function. Accord: Washington National Ins. Co. v. Board of Review, 1 N.J. 545 (1949).
Plaintiff contrasts DeManaco v. Renton, 18 N.J. 352 (1955), where the court considered L. 1945, c. 74 (then N.J.S.A. 34:15-36), defining, among other things, "employee" for the purposes of the Workmen's Compensation Act. The law then went on to except news vendors from the definition of "employee." Former Chief Justice Vanderbilt, speaking for a divided court, held there was no reasonable basis for the exclusion of employees who ordinarily would fall within the coverage of the act, merely because at some time during their employment they had sold newspapers or magazines to the general public. Such exclusion *468 was unreal and arbitrary, and therefore unconstitutional. In DeManaco, however, the court found the offending part of the statute severable, "representing merely an invalid attempt by the Legislature to exclude a particular group" from compensation coverage. It is clear that the court considered that it was not overriding the legislative intent manifest in the rest of N.J.S.A. 34:15-36 by exscinding the news vendor exception.
Plaintiff claims that the pattern exhibited in section 5(a), paragraph 12 of the zoning ordinance is precisely that found in the Rutgers Chapter and Washington National Ins. Co. cases. Here, too, there is a general class (used car dealers), and a subclass (used car dealers with new car agencies) excepted from the general class. (DeManaco, which had no similar pattern, is thus distinguishable.) Accordingly  so runs the argument  since the exception in favor of used car lots incidental to new car agencies is invalid, all of paragraph 12 must fall. The difficulty we find with drawing a parallel between this case and the Rutgers Chapter and Washington National Ins. Co. cases is that plaintiff overlooks the obvious legislative intent shown by the township governing body in the 1957 amendment.
The local legislative intent is manifest: it is to forbid used car lots, long considered a municipal blight. This is evidenced from the sequence of amendments to section 5(a) dealing with permitted and prohibited uses in a business district. In 1955 the township committee added to the existing 11 specifically prohibited uses the prohibition against second-hand or used car lots. In 1957, apparently in order to serve the economic needs of new car dealers who commonly take used cars as trade-ins, it granted an exception in favor of such dealers. It may be that the governing body believed that a new car dealer would not allow his used car lot to become unsightly and a detriment to his business. However, it is clear that the township committee continued to look upon a used car business conducted on an empty lot all by itself as undesirable and impermissible. If there *469 could be any doubt about the matter, the 1960 amendment, obviously adopted in the light of the attack that had been made upon the governing body's intent, showed beyond dispute that Wayne Township did not want used car lots within its municipal boundaries.
We therefore conclude that, unlike the court's finding in the Rutgers Chapter and Washington National Ins. Co. cases, the exception made in favor of new car dealers by the 1957 amendment to paragraph 12, did not vitiate the overriding intention of the local legislative body to prohibit used car lots. And if there remains a shadow of a doubt about this, reference may be made to section 9 of the zoning ordinance wherein the township committee provided:
"If any section, subsection, sentence, clause or phrase of this ordinance is for any reason held to be unconstitutional or invalid, such decision shall not affect the remaining portions of this ordinance. The Township Committee hereby declares that it would have passed the ordinance and each section and subsection thereof, irrespective of the fact that any one or more of the sections, subsections, sentences, clauses or phrases may be declared unconstitutional or invalid."
Surely, no more specific statement of legislative intent than this severability clause can be imagined.
As was said by Justice Heher in his concurring opinion in State v. Doto, 10 N.J. 318 (1952),
"The principle of separability is in aid of the intention of the lawgiver. The inquiry is whether the lawmaking body designed that the enactment should stand or fall as a unitary whole. It is not enough that the act be severable in fact; its severability in the event of partial invalidity must also have been within the legislative intention. It is a question of interpretation and of legislative intent whether the particular provision is so interwoven with the invalid clauses as that it cannot stand alone. A severability clause (there was none here) `provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command.' Dorchy v. State of Kansas, 264 U.S. 286, 44 S.Ct. 323, 325, 68 L.Ed. 686 (1924). Absent such express declaration, it is to be presumed that the Legislature intended the act to be effective as an entirety. Riccio v. Hoboken, *470 69 N.J.L. 649, 662 (E. & A. 1903). The effect of the statutory declaration is to create in the place of the stated presumption `the opposite one of separability. That is to say, we begin, in the light of the declaration, with the presumption that the legislature intended the act to be divisible; and this presumption must be overcome by considerations which make evident the inseparability of its provisions or the clear probability that the invalid part being eliminated the legislature would not have been satisfied with what remains.' Williams v. Standard Oil Co. of Louisiana, 278 U.S. 235, 49 S.Ct. 115, 117, 73 L.Ed. 287 (1929). See, also, Utah Power & Light Co. v. Pfost, 286 U.S. 165, 52 S.Ct. 548, 76 L.Ed. 1038 (1932); Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160 (1936); Electric Bond & Share Co. v. Securities and Exchange Commission, 303 U.S. 419, 58 S.Ct. 678, 82 L.Ed. 936, 115 A.L.R. 105 (1938)."
Plaintiff has not overcome the presumption that the township committee intended the ordinance to be severable as to any section, subsection, sentence, clause or phrase. In our view, he has completely failed to make evident the inseparability of its provisions or the clear probability that, the invalid part being eliminated, the township committee would not have been satisfied with what remains. Indeed, the chronology of the 1955, 1957 and 1960 amendments, recited above, points the other way and makes entirely clear a legislative intention that the ordinance be severable and that used car lots be barred in business districts of the township.
The judgment below may also be supported on the basis of the 1955 amendatory ordinance alone, without considering the latest action taken by the governing body in amending paragraph 12 in July 1960.
We fix our attention upon the 1957 amendment which prohibited used car lots in business districts except when incidental to the operation of a new car agency. Assuming, as plaintiff would have us do, that that amendment was invalid in its entirety, he can gain no benefit thereby, and this for the reason that the ordinance as it stood before the amendment remained unimpaired. As was said in Salisbury v. Ridgefield, 137 N.J.L. 515, 519 (Sup. Ct. 1948), the 1957 amendment was a separate and distinct *471 enactment, and if it be unconstitutional for the reasons urged by plaintiff, it was a nullity and therefore worked no change in the existing ordinance. This would be so even if it had embodied an express repealer of paragraph 12 as it read in 1955. (The 1957 ordinance purported to do nothing more than to amend the original zoning ordinance of 1949; it carried no repealer.)
If, therefore, the 1957 amendment be deemed wholly ineffective, the zoning ordinance as it had been amended (supplemented) in 1955 by the addition of paragraph 12 to section 5(a), stood unaffected by that amendment. Washington National Ins. Co. v. Board of Review, above, 1 N.J., at page 557. The general rule is that the effect of an unconstitutional amendment is to leave the statute or ordinance in force as it existed prior to the adoption of the amendment. 1 Sutherland, Statutory Construction (3d ed. 1943), § 1937, p. 442; 16 C.J.S., Constitutional Law, § 101(a), p. 474 (1956); 62 C.J.S., Municipal Corporations, § 434(a), p. 832 (1949).
Plaintiff claims that the 1955 amendment (supplement) to the zoning ordinance is invalid on its face. Art. IV, sec. VII, par. 5 of the New Jersey Constitution of 1947 is cited in support. That provision is part of the Legislative Article, and clearly refers only to laws enacted by the Legislature.
The judgment is affirmed.