73 N.J. Super. 155 (1962)
179 A.2d 169
THE BOARD OF COMMISSIONERS OF THE VILLAGE OF RIDGEFIELD PARK, PLAINTIFF,
v.
A.S. PATER REALTY CO., INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 14, 1962.
*156 Mr. John F. McCann, attorney for plaintiff.
Mr. Robert D. Gruen, attorney for defendant.
PASHMAN, J.S.C.
On June 5, 1959 defendant A.S. Pater Realty Co., Inc. (Pater), through its president Abraham Schiller, wrote to the Board of Commissioners of Ridgefield Park requesting permission to erect two billboards on its district "D" property advertising a land development project which Pater hoped to undertake. As a result of this letter and a subsequent letter of June 10, 1959 to Mayor Vogt of Ridgefield Park, several meetings were arranged. Schiller and the officials charged with the interpretation and enforcement of Ridgefield Park's zoning ordinance met and discussed the request made by Pater. These meetings resulted in a tentative understanding whereby Ridgefield Park agreed that it would permit Pater to erect one billboard, 15 feet high and 75 feet long, and Pater agreed that it would devote one-half of the billboard space to the advertisement of a safety slogan for *157 Ridgefield Park and use the other half to advertise Pater's land development program.
The informal understanding reached between Pater and Ridgefield Park was formalized on July 3, 1959 in the following municipal resolution:
"WHEREAS, the A.S. Pater Realty Company, Inc. of 177 Gold Avenue, Paterson, New Jersey, applied on June 5, 1959 to the Commissioners of the Village of Ridgefield Park, under the provisions of Section 8(A) (2) of the Ridgefield Park Zoning Ordinance of 1945 for permission to erect a sign on Lots Nos. 2, 3 and 4 in Block 146 as shown on the assessment map of the Village of Ridgefield Park; and
WHEREAS, accompanying the aforesaid application were sketches of the proposed sign and its location on the aforesaid property; and
WHEREAS, the proposed sign is to be 15 feet in highth [sic] by 75 feet in length, and to be constructed above the ground level an additional 15 feet;
NOW, THEREFORE, BE IT RESOLVED that the Building Inspector of the Village of Ridgefield Park be and he is hereby directed to issue a permit to A.S. Pater Realty Company, Inc. on the following express conditions:
1. That the sign shall not exceed 30 feet in highth [sic] as measured from the ground and 75 feet in length.
2. That all advertising matter to be placed on the face of said sign be first submitted to the Commissioners for approval, which approval shall not be unreasonably withheld."
Pater, based upon the resolution of July 3, 1959, erected the sign envisioned by it and Ridgefield Park and began with its planned land development project. As is sometimes the case where virgin land is concerned, Pater's hope of realizing a profit from its undertaking never became a reality. Pater then wrote to Ridgefield Park and requested permission to utilize its sign for purely commercial messages. Finding the Board of Commissioners of Ridgefield Park unsympathetic to its request, Pater nevertheless proceeded in October of 1960 to use its billboard for the advertisement of an automobile. A few short months thereafter a new message espousing the virtues of certain garden apartments took the place of the automobile advertisement. The sign continues in this form to the present date.
*158 The board of commissioners, aggrieved at Pater's asserted self-determination, instituted this suit to prevent Pater from using the sign for any purpose and for an adjudication that Pater be compelled to remove it. Pater disputes Ridgefield Park's right to the relief sought and maintains that the section in Ridgefield Park's ordinance dealing with the erection of signs is unconstitutional.
Section 8(A) (2) of Ridgefield Park's zoning ordinance pertaining to the erection and maintenance of signs and billboards provides as follows:
"No sign or billboard over 12 square feet shall be permitted in District `C' nor over 30 square feet in Districts `D' and `E' that is not incidental to the uses of the property on which it is located and that is not a part of or entirely supported by a building, except upon application to and with the written consent of the Board of Commissioners.
Such application shall be accompanied by a sketch of the proposed sign or billboard showing its size and structure, and its location with respect to property lines, street junctions or intersections, and distances from adjacent buildings, structures and other signs or billboards. No fees shall be charged for such permit." (Emphasis added)
While this court is cognizant of the constitutional mandate that municipal legislation is to be liberally construed, see N.J. Const., Art. IV, Sec. VII, par. 11, and the concomitant rule of law that judicial restraint is to be observed in the interpretation of municipal classifications and regulations which are embodied in municipal zoning ordinances, see, e.g., Clary v. Eatontown, 41 N.J. Super. 47, 69-70 (App. Div. 1956), and Bartlett v. Middletown Twp., 51 N.J. Super. 239, 260-261 (App. Div. 1958), certification denied 28 N.J. 37 (1958), I am nevertheless of the opinion that the ordinance in question is arbitrary, unreasonable, standardless and therefore unconstitutional.
There is no question that "outdoor advertising has characteristic features which have long been deemed sufficient to sustain regulations or prohibitions peculiarly applicable to [them]." United Advertising Corp. v. Borough *159 of Rarilan, 11 N.J. 144, 151 (1952). Cf. also United Advertising Corp. v. Metuchen, 35 N.J. 193, 196 (1961); and compare with Passaic v. Paterson Bill Posting Co., 72 N.J.L. 285 (E. & A. 1905).
"* * * However, such power is always subject to the provision that the ordinance must not be unreasonable, arbitrary or discriminatory and must lay down a standard or norm for the guidance of the authority clothed with the power to grant or withhold a license. * * * In order that an ordinance be not discriminatory, it must be uniform as to all persons; the discretion vested in the authority must not be absolute, but limited by regulations, and implemented by a norm or standard therein laid down for guidance in its application to all persons. * * *" Raritan Tp. v. Hubb Motors, Inc., 26 N.J. Super. 409, 410-411 (App. Div. 1953). (Emphasis added)
Section 8(A)(2) of Ridgefield Park's zoning ordinance fails, in even the remotest sense, to set forth definitive standards to serve as guideposts for the board of commissioners in their determination of whether signs above the stated square footage will be permitted. The board has been delegated the power to grant or refuse billboard permits in an arbitrary and capricious fashion. Such a situation is quite similar to one in which the legislative body of a municipality delegates the responsibility of zoning enforcement and regulation to the "satisfaction" of certain named municipal officials. Judge Goldmann stated in the recent case of Jersey City Merchants Council v. Jersey City, 71 N.J. Super. 156, 162 (App. Div. 1961):
"Our courts have uniformly declared invalid municipal transactions where performance was required to be `to the satisfaction' of a particular municipal officer, or even the governing body. See Juice Bar Corp. v. Neptune Township Committee, 36 N.J. Super. 164 (App. Div. 1955) * * *; Tice v. Long Branch, 98 N.J.L. 214 (E. & A. 1922) * * *; Waszen v. Atlantic City, 1 N.J. 272 (1949) * * *; Armaniaco v. Cresskill, 62 N.J. Super. 476 (App. Div. 1960) * * *; cf. Jamouneau v. Local Government Board, 6 N.J. 281, 287 (1951)."
See, in general, Antonelli Construction v. Milstead, 34 N.J. Super. 449, 457-58 (Law Div. 1955); Potts v. *160 Board of Adjustment of Princeton, 133 N.J.L. 230, 236-37 (Sup. Ct. 1945); Phillips v. East Paterson, 134 N.J.L. 161, 163 (Sup. Ct. 1946), affirmed per curiam 135 N.J.L. 203 (E. & A. 1946); P.J. Ritter Co. v. Bridgeton, 135 N.J.L. 22, 31 (Sup. Ct. 1946); Phillips v. Belleville, 135 N.J.L. 271, 274 (Sup. Ct. 1947); and Finn v. Clifton, 136 N.J.L. 34, 37 (E. & A. 1947).
The best illustration of the arbitrariness of the ordinance and resolution in question is the fact situation presented in the case at hand. A permit was granted to erect a billboard, subject to the requirement that a portion of it be devoted to a civic message and further subject to a condition that if the copy were to be changed, the defendant would have to apply again to the board of commissioners. When the plaintiff received the defendant's application for an advertising message depicting a Chevrolet car, the authorities refused to permit any change. Mayor Vogt and Commissioner Eucker testified that approval of signs would be referred to chief of police. The chief himself negotiated with the defendant for the type of legend that would appear on the billboard. Commissioner Collins testified that approval depends upon "how the sign hit him emotionally from his moral standpoint."
By what standard or norm the authorities refused to act or could have acted to assure impartiality is absolutely unclear. The section of the ordinance in question is unconstitutional in its present form as is the resolution.
However, the question still remains whether any part of the section is capable of withstanding an attack of unconstitutionality. Stated differently, is section 8 (A) (2) severable in any respects?
The "severability" rule is an expression of judicial implementation of expressed legislative intention.
"The principle of separability is in aid of the intention of the lawgiver. The inquiry is whether the lawmaking body designed that the enactment should stand or fall as a unitary whole. It is not enough that the act be severable in fact; its severability in the *161 event of partial invalidity must also have been within the legislative intention. It is a question of interpretation and of legislative intent whether the particular provision is so interwoven with the invalid clause as that it cannot stand alone. A severability clause * * * `provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command.' * * * Absent such express declaration, it is to be presumed that the Legislature intented the act to be effective as an entirety. * * *." State v. Doto, 10 N.J. 318, 319 (1952). (Emphasis added.)
See also Shaw v. Mayor, etc., of Wayne, 65 N.J. Super. 461, 469-70 (App. Div. 1961), affirmed on opinion below 35 N.J. 595 (1961); Washington National Ins. Co. v. Board of Review, 1 N.J. 545, 556 (1949); and Sarner v. Union Tp., 55 N.J. Super. 523, 541-42, 543 (Law Div. 1959).
In the instant case section 8(A)(2) represented the first and only attempt by Ridgefield Park to legislate in the area of signs and billboards. Furthermore, an investigation of the entire ordinance uncovers the peculiar fact that no savings clause was inserted by this municipality either when the ordinance was enacted or when it was subsequently amended. Thus this court is faced with a situation where there is no legislative intention which may be gleaned from prior enactments or otherwise (compare with the factual setting in Shaw v. Mayor, etc., of Wayne, supra), and where there is a presumption that the legislative body intended section 8(A) (2) to be effective in its entirety. See Shaw v. Mayor, etc., of Wayne, supra, 65 N.J. Super., at p. 670; Sarner v. Union Tp., supra, 55 N.J. Super., at p. 541; and Rutgers Chapter, &c., v. New Brunswick, 129 N.J.L. 238, 245 (Sup. Ct. 1942), affirmed 130 N.J.L. 216 (E. & A. 1943).
No testimony or proof was introduced by Ridgefield Park to negate or overcome the presumption of non-severability. Furthermore, a reading of section 8(A) (2) leads to the conclusion that Ridgefield Park intended to regulate and not absolutely prohibit all signs or billboards in a *162 district "D" zone, which were over 30 square feet and not incidental to existing property uses and supported by a building. Indeed, the receipt by plaintiff of defendant's application and sketch is evidence of a regulatory (and not prohibitory) scheme concerning the erection and nature of copy which is to be placed on any sign. A severance by the court of the "except" clause would result in a total prohibition of all signs over 30 square feet which are not incidental to existing property uses and supported by a building, and would inject into the ordinance a meaning not intended by the legislative body of Ridgefield Park.
If the village intended a complete prohibition of signs over a certain size it would and could have said so. United Advertising v. Raritan, supra. This court will not act as a corrective agency for the redrafting of municipal legislation which is improperly promulgated.
In view of the foregoing, it is not necessary to pass upon the contention of defendant that (1) the ordinance constitutes a prior restraint on freedom of speech in the sense that it attempts to censor by the inclusion of the "except" clause, and (2) the ordinance is unreasonable in the area in question even if the ordinance and resolution were valid.
Judgment accordingly.