145 N.J. Super. 217 (1976)
367 A.2d 449
WASTE DISPOSAL, INC., AND GENE ANTONUCCI, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF ROSELLE PARK, AND CUSTOM DISPOSAL SERVICE CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1976.
Decided November 23, 1976.
*219 Before Judges LYNCH, MILMED and ANTELL.
Mr. Mark D. Larner argued the cause for appellants (Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum, attorneys).
Mr. Robert L. Sheldon argued the cause for respondents Mayor and Council of the Borough of Roselle Park.
No brief was submitted on behalf of respondent Custom Disposal Service Corporation.
The opinion of the court was delivered by MILMED, J.A.D.
This appeal involves the propriety of an award of a contract for the furnishing of scavenger services to the Borough of Roselle Park under the applicable Local Public Contracts Law, N.J.S.A. 40A:11-1 et seq. By their complaint in lieu of prerogative writs, plaintiffs challenged the borough resolution awarding the contract to defendant Custom Disposal Service Corporation and sought to have that resolution and award set aside. After hearing, the trial judge denied plaintiffs' motion for summary judgment and dismissed the complaint.
On this appeal plaintiffs contend that the bidding procedures utilized by the borough "were vague, uncertain, conflicting and in violation of Law." We agree. Certain of the provisions of the published notice for bids were clearly not in harmony with either the letter or the spirit of the applicable statute. Thus, N.J.S.A. 40A:11-21 provides, in pertinent part, that
There may be required from any person bidding on any contract or agreement, advertised in accordance with law, that the bid be accompanied by a guarantee payable to the contracting unit that if the contract or agreement is awarded to him he will enter into a contract therefor and will furnish any performance bond or other security required as a guarantee or indemnification. The guarantee shall be in the amount of 10% of the bid, but not in excess of $20,000.00, except as otherwise provided herein, and may be given, *220 at the option of the bidder, by certified check, cashier's check or bid bond. * * * [Emphasis supplied]
Here, however, the advertised notice for bids mandated that
A certified check for 10% of the bid must accompany each bid as a guaranty that the bidder will enter into the contract and furnish acceptable bond if his bid is accepted.[1]
In light of the more expansive and optional provisions of N.J.S.A. 40A:11-21, above quoted, it is apparent that the notice requirements for a certified check for 10% of the bid could only have had, as counsel for appellants suggest, "a chilling effect upon potential bidders, inhibiting rather than encouraging competitive bidding."[2]
Beyond this, we are in full accord with the observation made by counsel for appellants that:
By adopting a prequalification procedure without providing prospective bidders with the requisite period of time to prepare for the bidding, the Borough unnecessarily discouraged full, free and open competition, and thereby violated the provisions of the Local Public Contracts Law.
The notice for bids permitted bids to be submitted until 8:30 P.M. on November 13, 1975, but provided that
*221 Any person, firm or corporation desiring to submit a bid shall be required to fill out a form of questionnaire which can be obtained upon request from the Borough Clerk at Borough Hall Annex, 24 Charles Street, Roselle Park, N.J. No forms of proposals and specifications shall be furnished to prospective bidders unless they have first furnished information in proper form on the questionnaire and filed said questionnaire with the Borough Clerk not later than November 3, 1975, by the close of business at 4:30 p.m. and the answers in said questionnaire are found sufficient by the Borough Committee whose determination as to the sufficiency of the same shall be made not later than November 6, 1975.
Determination as to the sufficiency of the answers to the questionnaire was made by the Borough Committee on November 5, 1975 and bid forms and specifications were authorized to be released on November 7. The short period of time remaining for preparation and submission of bids could only have stifled competitive bidding, instead of promoting it in keeping with a salient purpose of the bidding statute.[3] See particularly, N.J.S.A. 40A:11-23; N.J.S.A. 40:66-4. We are satisfied that, in harmony with the design of N.J.S.A. 40A:11-23, any advertisement for bids should allow a minimum of ten days from the release of the specifications and bid forms for the preparation and submission of bids.
We are convinced from our review of the record submitted on this appeal that the bidding practices utilized by the borough which we have found wanting were, in the circumstances, likely to affect  and in fact did affect  the bidding process adversely. Every such practice is
* * * prohibited, and all awards made or contracts entered into where any such practice may have played a part, will be set aside. This is so even though it is evident that in fact there was no corruption or any actual adverse effect upon the bidding process. [Terminal Const. Corp. v. Atlantic Cty. Sewerage Auth., 67 N.J. 403, 410 (1975)]. *222 See also, Skakel v. North Bergen, 37 N.J. 369 (1962); Hillside v. Sternin, 25 N.J. 317 (1957); Waszen v. Atlantic City, 1 N.J. 272 (1949); Tice v. Long Branch, 98 N.J.L. 214 (E. & A. 1922). Since a reversal is thus mandated, we find it unnecessary to comment on any of the other alleged infirmities discussed in the brief submitted on behalf of plaintiffs.
The judgment under review is reversed and the matter is remanded to the trial court for the entry of an order (1) setting aside (a) the challenged Borough resolution of December 9, 1975 awarding the contract to defendant Custom Disposal Service Corporation and (b) the contract pursuant to that resolution, and (2) directing that the terms of any readvertisement for bids and the terms of the specifications be fully consistent with the applicable provisions of the Local Public Contracts Law and designed to encourage the broadest possible competitive bidding.
NOTES
[1] In keeping with these requirements, the Specifications provided that "Each bidder shall accompany his bid with a certified check made payable to the Borough of Roselle Park, in the sum of 10% of the contract."
[2] The invalid requirements of the notice and Specifications for the deposit of a certified check for 10% of the bid was met by plaintiff Waste Disposal, Inc., with its deposit of a certified check for $40,000 on its bid of $394,541 for two years, but not by defendant Custom Disposal Service Corporation. The latter, whose bid totalled $358,800 for two years, deposited a certified check for $20,000. A prospective bidder, Peter Usa & Son, t/a Industrial Disposal Service, did not submit a bid contending, through their president, that they did not receive a copy of the specifications until November 10, 1975 and, "because of the time limitation and the necessity for a sufficient amount of money, * * * was unable to obtain either the Consent of Surety or the certified check by November 13th."
[3] Another prospective bidder, C. Pizzi & Sons, did not submit a bid. On November 10, 1975 it informed defendants Mayor and Council, in part, that "We have been trying for two weeks to obtain specifications for this job. On November 7, 1975, said specifications were released to us, which is only six days prior to the bid. This is not sufficient time to study this job."