No. 23,702.

THE COURT OF INDUSTRIAL RELATIONS, *Plaintiff,* v. THE CHARLES WOLFF PACKING COMPANY, *Defendant.*

### SYLLABUS BY THE COURT.

ORIGINAL PROCEEDINGS IN MANDAMUS—*Original Opinion Filed October 8, 1921 —Appeal to the Supreme Court of the United States—Mandate Filed June 23, 1923—Reversed in Part—Judgment in Obedience to Mandate.* The mandate of the supreme court of the United States is ordered spread of record. In obedience to that mandate, the orders of the court of industrial relations fixing or relating to the wages that shall be paid by the Charles Wolff Packing Company are stricken out of the judgment of this court. A peremptory writ of mandamus is directed to be issued commanding the Charles Wolff Packing Company to put into effect those parts of the order of the court of industrial relations not affected by the judgment of the United States supreme court.

Original proceedings in mandamus. Opinion ordering mandate of the supreme court of the United States spread of record, and modifying judgment in obedience thereto, filed October 6, 1923. Writ allowed.

*Charles B. Griffith,* attorney-general, *John G. Egan,* assistant attorney-general, *Baxter D. McClain,* and *Randall C. Harvey,* both of Topeka, for the plaintiff; *Chester I. Long,* and *Austin M. Cowan,* both of Wichita, of counsel.

*D. R. Hite,* of Topeka, for the defendant; *John S. Dean,* and *Harry W. Colmery,* both of Topeka, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: Two opinions have been filed in this action, one on October 8, 1921 (*Court of Industrial Relations v. Packing Co.,* 109 Kan. 629, 201 Pac. 418), and one on June 10, 1922 *(Court of Industrial Relations v. Packing Co.,* 111 Kan. 501, 207 Pac. 806). Error therefrom was taken to the supreme court of the United States. The case has been decided by that court, and the mandate and opinion thereof have been received. The plaintiff moves that the mandate be spread of record; that those parts of the order of the court of industrial relations numbered 2, 4, 11, 17, and 18 which relate to the fixing of wages be stricken out; and that a peremptory writ of mandamus issue commanding the defendant to put into effect the remainder of those orders, and to put into effect the following parts of the order of the court of industrial relations:

" '(3) A basic working day of eight hours shall be observed in this industry; but a nine-hour day may be observed not to exceed two days in any one

Court of Industrial Relations v. Packing Co.

week without penalty: *Providing, however,* that if the working hours of the week shall exced forty-eight in number, all over forty-eight shall be paid for at the rate of time and one-half; furthermore, in case a day in excess of the eight-hour day shall be observed more than two days in one week, all over eight hours, except for said two days in said week, shall be paid for at the rate of time and one-half, even though the working hours of the week may be forty-eight hours or fewer.

" '(9) Women workers shall receive the same wages as men engaged in the same class and kind of work.

" '(14) Workers paid by the week or day, if employed within the plant and not within the office or sales department, shall be subject to hours of work and overtime as others employed under the terms of finding No. 3 hereof.

" '(15) The temporary order heretofore made in this case shall stand and be complied with by the respondent company, beginning on the date of said temporary order and continuing until May 1st, 1921, the date of this order.

"Said temporary order being as follows:

" 'That pending the final determination of this controversy, the employees of respondent, who handle the product from the time the animals are driven into the shackling pens until the time that the product is placed in storage ready to be shipped out upon orders from the customers, be placed upon the eight-hour day, but that time and one-fourth shall be paid for the ninth hour, and time and one-half thereafter.

" '(19) In departments operating twenty-four hours a day and seven days a week, each employee therein shall be entitled to one day off each week. In other departments, work performed on Sundays and legal holidays shall be paid for at the rate of time and one-half.

" 'This order shall take effect and be in force on the first day of May, 1921, and shall continue until changed by the Court or changed by agreement of the parties with the approval of the Court.' "

The defendant moves that the judgment of this court be reversed; that the application for a writ of mandamus be denied; and that the court determine either for itself or through a commissioner, the expense, loss, and damage sustained by the defendant in resisting the order made by the court of industrial relations and in prosecuting its writ of error to the supreme court of the United States; and that upon such expense, loss and damage being ascertained, judgment be rendered against the plaintiff therefor.

The differences between the plaintiff and the defendant arise out of the interpretation of the opinion of the supreme court of the United States. That opinion discusses wages and strikes. The court said:

"We are considering the validity of the Act as compelling the employer to pay the adjudged wages, and as forbidding the employees to combine against working and receiving them." (43 Sup. Ct. Rep. 630, 635.)

20—114 Kan.

The concluding paragraphs of that opinion are as follows:

"We think the Industrial Court Act in so far as it permits the fixing of wages in plaintiff in error's packing house is in conflict with the Fourteenth Amendment and deprives it of its property and liberty of contract without due process of law.

"The judgment of the court below must be reversed." (p. 636.)

. The mandate of the supreme court is—

"That this cause be, and the same is hereby, remanded to the supreme court for further proceedings not inconsistent with the opinion of this court."

The supreme court of the United States has not said that the court of industrial relations act is invalid except in so far as it attempts to give power to fix wages. Other matters were embraced within the opinion and judgment of this court, but they do not appear to have been determined by the supreme court. Strikes are discussed, but there is nothing in the judgment of the court concerning them. The judgment concerns wages only.

The motion of the plaintiff is allowed in so far as its order does not conflict with the decision of the supreme court of the United States. An analysis of those parts of the order that the plaintiff desires enforced is necessary.

All of that part of paragraph No. 3, except "A basic working day of eight hours shall be observed in this industry; but a nine-hour day may be observed not to exceed two days in any one week without penalty," concerns wages.

Paragraph No. 9 fixes wages to be paid to women.

Paragraph No. 14 depends on paragraph No. 3, and is governed by the interpretation given paragraph No. 3.

Paragraph No. 15 expired by its own terms on May 1, 1921, and there is nothing further to do concerning it.

Out of paragraph No. 19 must be stricken the following words: "In other departments, work performed on Sundays and legal holidays shall be paid for at the rate of time and one-half."

Paragraphs Nos. 2, 4, 11, 17 and 18 of the order of the court of industrial relations read as follows:

"2. Employees, whether organized or unorganized, shall receive wages as shown in schedules hereinafter set out.

"4. No guarantee of time per week is specifically ordered; but sufficient work shall be offered to the regular employees in each and every month so that the monthly earnings of regular workers will be sufficient to constitute a fair wage under the Kansas industrial law, as heretofore defined by this court.

"11. Piece-work rates shall be paid in accordance with piece-work schedule herein set out.

"17. The following schedule of minimum wages shall be paid by the respondent company to its respective employees, to wit: [the details of the schedule are immaterial].

"18. The establishing of the above minimum wage schedule shall not in any way be construed as restricting or preventing the respondent from paying a higher wage when the same is demed advisable."

The plaintiff asks that those parts of these paragraphs which relate to the fixing of wages be stricken out and that the remainder be put into effect. These paragraphs of the order of the court of industrial relations do not deal with anything except wages and are therefore wholly invalid under the decision of the supreme court of the United States.

The mandate of the supreme court of the United States is ordered recorded. The judgment of this court is modified in obedience to the mandate by striking out all orders concerning wages as indicated in this opinion.

It is by the court ordered that a peremptory writ of mandamus issue commanding the defendant to put into effect the following parts of the order of the court of industrial relations:

"3. A basic working day of eight hours shall be observed in this industry; but a nine-hour day may be observed not to exceed two days in any one week without penalty.

"14. Workers paid by the week or day, if employed within the plant and not within the office or sales department, shall be subject to hours of work . . . as other employees.

"19. In departments operating twenty-four hours a day and seven days a week, each employee therein shall be entitled to one day off each week.

"This order shall . . . continue in force until changed by the Court [the court of industrial relations] or changed by agreement of the parties with the approval of the Court [the court of industrial relations]."

The motion of the defendant is denied.

BURCH, J., adheres to the views expressed by him in *Court of Industrial Relations v. Packing Co.*, 111 Kan. 501, 519, 207 Pac. 806.

HARVEY, J., is of the opinion that a proper consideration of the opinion and mandate of the supreme court of the United States requires a reversal of the former judgment of this court in its entirety.