## DORCHY v. STATE OF KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 163. Argued January 15, 16, 1924.—Decided March 10, 1924.

1. The system of compulsory arbitration of industrial disputes set up by the Court of Industrial Relations Act of Kansas, and held unconstitutional in *Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522, as applied to packing plants, is, for the same reasons, invalid as applied to coal mines of that State. P. 289.

2. *Quaere:* Whether as a matter of statutory construction, § 19 of this act, which declares that one who uses his position as an officer of a union, or as an employer, to influence violations of the act or of valid orders of the Court of Industrial Relations shall be deemed guilty of a felony, is separable from the system of compulsory arbitration held invalid?   P. 290.
3. A declaration in a statute that it shall be conclusively presumed the legislature would have passed the statute without any part of it found invalid by the courts, provides a rule which may aid in determining the legislative intent, but is not an inexorable command.   *Id.*
4. In reviewing a judgment of a state court, this Court may not only correct errors but may make such disposition of the case as justice may require in view of changes in law and fact that have supervened since the judgment was entered.   P. 289.
5. Where a conviction under § 19 of the above mentioned statute was affirmed by the Supreme Court of Kansas before this Court had, in another case, declared a closely related part of the same act unconstitutional, *held* that the question whether § 19 is separable should be remitted for primary determination by that court.   P. 290.

112 Kans. 235, reversed.

ERROR to a judgment of the Supreme Court of Kansas which affirmed a judgment entered against the plaintiff in error in a criminal prosecution, under § 19 of the Court of Industrial Relations Act of Kansas.

*Mr. John F. McCarron* and *Mr. Phil H. Callery,* with whom *Mr. Redmond S. Brennan* and *Mr. Frank Bonar Hegarty* were on the brief, for plaintiff in error.

*Mr. John G. Egan,* Assistant Attorney General of the State of Kansas, and *Mr. Chester I. Long,* with whom *Mr. Charles B. Griffith,* Attorney General, *Mr. Austin M. Cowan* and *Mr. William E. Stanley* were on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Court of Industrial Relations Act was approved January 23, 1920.  Laws of Kansas, 1920, Special Session,

c. 29. The purpose of the statute is to ensure continuity of operation in coal mining and other businesses declared to be affected with a public interest.[1] The means provided for accomplishing this is a system of compulsory arbitration of industrial disputes. The instrument is the so-called industrial court. Upon it is conferred power to investigate all matters involved in such controversies; to make findings thereon; to issue such orders as it may deem needful, fixing the wages to be paid, the hours of work, the rules for work, and the working and living conditions. The provisions in aid of the enforcement of this system are both comprehensive and detailed. The employer is prohibited, among other things, from limiting or ceasing operations with a view to defeating the purpose of the statute. Likewise, every association of persons (*e. g.,* trade unions) is prohibited from acting to that end. In effect, strikes and lockouts, the boycott and picketing, are made unlawful. Any person violating any provision of the statute, or any order of the so-called court, is declared guilty of a misdemeanor. Some of the provisions of the act were considered in *Howat* v. *Kansas,* 258 U. S. 181, and in *Chas. Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522.

Section 19 provides that any officer of a union of workmen engaged in an industry within the provisions of the act, who shall wilfully use the power incident to his official position to influence any other person to violate any provision of the statute or any valid order of the Court of

---

[1] Section 2 of the statute, as enacted, conferred upon the Court of Industrial Relations the functions theretofore performed by the Public Utilities Commission. These functions were restored to a Public Utilities Commission by c. 260, Laws of 1921. There was conferred upon the Court of Industrial Relations by c. 262 of the Laws of 1921 the functions theretofore performed by the Commissioner of Labor and Industry, and by c. 263 of the Laws of 1921 the functions theretofore performed by the Industrial Welfare Commission. These latter powers were also enlarged.

Industrial Relations, shall be deemed guilty of a felony punishable by a fine not to exceed $5,000, or by imprisonment at hard labor, not to exceed two years, or by both such fine and imprisonment.  Under this section an information was filed against Dorchy, a union official, for calling a strike in a coal mine.  He was found guilty.  The judgment entered was affirmed by the highest court of the State, 112 Kans. 235; and a rehearing was denied.  The case is here on writ of error under § 237 of the Judicial Code as amended.  It is contended that § 19 is void, because it prohibits strikes; and that to do so is denial of the liberty guaranteed by the Fourteenth Amendment.

After the judgment under review was entered in the Supreme Court of Kansas, this Court declared, in the *Wolff Packing Co. Case, supra,* p. 544, that the system of compulsory arbitration as applied to packing plants, violates the Federal Constitution.  For the reasons there set forth, it is unconstitutional, also, as applied to the coal mines of that State.  The question suggests itself whether § 19 has not, therefore, necessarily fallen as a part of the system of compulsory arbitration.  If so, there is no occasion to consider the specific objection to the provisions of that section.  This Court has power not only to correct errors in the judgment entered below, but, in the exercise of its appellate jurisdiction, to make such disposition of the case as justice may now require.  *Gulf, Colorado & Santa Fe Ry. Co.* v. *Dennis,* 224 U. S. 503, 506.  In determining what justice requires the Court must consider changes in law and in fact which have supervened since the judgment was entered below.  *Watts, Watts & Co.* v. *Unione Austriaca di Navigazione,* 248 U. S. 9, 21.  If § 19 falls as the result of the decision in the *Wolff Packing Co. Case,* the effect is the same as if the section had been repealed without any reservation.

A statute bad in part is not necessarily void in its entirety.  Provisions within the legislative power may stand

97851°—24——19

if separable from the bad. *Berea College* v. *Kentucky,*
211 U. S. 45, 54–56; *Carey* v. *South Dakota,* 250 U. S. 118,
121. But a provision, inherently unobjectionable, cannot
be deemed separable unless it appears both that, standing
alone, legal effect can be given to it and that the legisla-
ture intended the provision to stand, in case others in-
cluded in the act and held bad should fall. Section 19
does not, in terms, prohibit the calling of strikes or in-
fluencing workingmen to strike. It merely declares that
one who uses his official position, or his position as an em-
ployer, to " influence, impel, or compel any other person
to violate any of the provisions of this act, or any valid
order of said Court of Industrial Relations, shall be
deemed guilty of a felony." Most of the provisions of the
original act are very intimately connected with the sys-
tem of compulsory arbitration. Whether § 19 is so inter-
woven with the system held invalid that the section can-
not stand alone, is a question of interpretation and of
legislative intent. Compare *Butts* v. *Merchants Trans-
portation Co.,* 230 U. S. 126. Section 28 of the act,[2]
(which resembles that discussed in *Hill* v. *Wallace,* 259
U. S. 44, 70, 71) provides a rule of construction which may
sometimes aid in determining that intent. But it is an aid
merely; not an inexorable command.

The task of determining the intention of the state legis-
lature in this respect, like the usual function of interpret-
ing a state statute, rests primarily upon the state court.
Its decision as to the severability of a provision is conclu-
sive upon this Court. *Gatewood* v. *North Carolina,* 203
U. S. 531, 543; *Guinn* v. *United States,* 238 U. S. 347, 366;

---

[2] Section 28: " If any section or provision of this act shall be
found invalid by any court, it shall be conclusively presumed that
this act would have been passed by the legislature without such in-
valid section or provision, and the act as a whole shall not be de-
clared invalid by reason of the fact that one or more sections or pro-
visions may be found to be invalid by any court."

*Schneider Granite Co.* v. *Gast Realty Co.,* 245 U. S. 288, 290. In cases coming from the lower federal courts, such questions of severability, if there is no controlling state decision, must be determined by this Court. Compare *Myers* v. *Anderson,* 238 U. S. 368, 381; *Louisville & Nashville R. R. Co.* v. *Garrett,* 231 U. S. 298, 311. In cases coming from the state courts, this Court, in the absence of a controlling state decision, may, in passing upon the claim under the federal law, decide, also, the question of severability. But it is not obliged to do so. The situation may be such as to make it appropriate to leave the determination of the question to the state court. We think that course should be followed in this case.

The Supreme Court of Kansas has already dealt, to some extent, with the effect of our decision upon other sections of the act. When a motion was made there in the *Wolff Packing Co. Case* to spread the mandate of this Court upon its record, the state court held that the order of the Court of Industrial Relations under review remains in force in so far as it regulates hours of labor and weekly rest periods. 114 Kans. 304. The judgment then entered was modified November 10, 1923, upon a rehearing.[3] [114 Kans. 487.] The relation of § 19 to the provisions held invalid is a different matter. So far as appears, the state court has not passed upon the question whether § 19, being an intimate part of the system of compulsory arbitration held to be invalid, falls with it. In order that the state court may pass upon this question, its judgment in this case, which was rendered before our decision in the *Wolff Packing Co. Case,* should be vacated. Compare *Gulf, Colorado & Santa Fe Ry. Co.* v. *Dennis, supra,* p. 509. To this end the judgment is

*Reversed.*

---

[3] The action of the state court has been brought here for review by proceedings entered February 16, 1924, and not yet disposed of.