No. 13,367.

PEOPLE EX REL. INDUSTRIAL COMMISSION *v.* ALADDIN THEA-
TER CORPORATION ET AL.

No. 13,368.

PEOPLE EX REL. INDUSTRIAL COMMISSION *v.* AMUSEMENT
ENTERPRISES, INC. ET AL.
(44 P. [2d] 1022)

Decided April 29, 1935.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES
ROACH, Assistant, Mr. M. S. GINSBERG, Assistant, for the
people.

Mr. FRAZER ARNOLD, Mr. EDGAR MCCOMB, Mr. WALTER
E. SCHWED, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. The causes were consolidated below and argued together here. The disposition of one carries the other. We therefore consider No. 13367, and for convenience refer to the parties as the commission and Huffman respectively.

Huffman was charged in contempt with the violation of a mandatory injunction forbidding the continuance of a "lock-out" and directing the reinstatement of employees. To review a judgment discharging him the commission prosecutes this writ. Of the questions presented the only one requiring consideration is the applicability of a statute.

The action was based upon four sections of our Industrial Commission Act. Huffman operates theatres. It was alleged that these were "affected with a public interest"; that, arising out of a dispute affecting conditions of employment, he discharged and locked out certain employees prior to an investigation, hearing or award by the commission, and without notice to it. The writ was issued. Huffman moved to dissolve, alleging that his business was private and the commission without jurisdiction. The commission moved for attachment in contempt for violation of the writ, and citation issued. It was stipulated that the motion to dissolve should be taken as an answer to the citation. Thereupon the cause was argued, the citation dismissed, and the motion to dissolve granted. Thus the allegations of the answer were treated below, and are treated here, as admitted, and the cause presented there, and here, as on demurrer to writ and citation, or as on motion for judgment on the pleadings.

The statutes involved are sections 4353, 4354 (as amended by section 2, chapter 199, page 721, S. L. 1923), 4355, and 4356, C. L. 1921. The first confers upon the commission jurisdiction in disputes between employers

and employees, concerning wages, hours, and conditions of employment; provides for notice to the commission of contemplated changes therein; and forbids such changes until the final determination of the commission. The second declares strikes and lockouts prior to or during the hearing unlawful, save in an industry "not affected with a public interest." The third provides that the findings and award of the commission shall not be binding upon the parties without their written consent. The fourth provides for actions such as at present; for the issuance of the writ without notice or bond; for motions to dissolve and hearings thereof; and forbids dissolution save on proof of compliance with the statutes and all orders of the commission, and of great and irreparable injury in case of continuance; and even then vests the court with discretion to require security.

Huffman says said section 4356 was repealed by chapter 59, S. L. 1933, and that if not, it violates both state and federal Constitutions. We find it unnecessary to examine these contentions. He next asserts that his business is not "affected with a public interest" and hence, for various reasons, not within the terms of the act or subject to the jurisdiction of the commission. Counsel for the commission concede that the theatre business is not "affected with a public interest" to such an extent as to justify legislative control of prices, wages and hours, but contend that if it is "affected with any degree of 'public interest' however slight" the commission has jurisdiction under said sections. Otherwise, they say, "We concede, in view of the holding in Tyson and Brother v. Banton, supra (273 U. S. 418, 71 L. Ed. 718), that theatres are not affected with that degree of 'public interest'."

This presents the very simple question of the meaning of the phrase "affected with a public interest" as used in said amended section 4354. If the interest intended is only that "slight" interest contended for by the commission certain other questions raised by Huffman

must be examined. But if, as we conclude, the phrase must be given its usual interpretation there is no escape from the affirmance of this judgment. In fact, in that event, the commission has very frankly, and very properly, admitted itself out of court.

Fortunately this question is not an open one in this jurisdiction. In a case involving a strike of coal miners *(People v. United Mine Workers, infra)*, this identical section was invoked and this particular phrase considered. The trial court held that industry "not affected with a public interest." We reached a contrary conclusion and reversed that judgment. We are here told that the Supreme Court of the United States in *Dorchy v. Kansas,* 264 U. S. 286, 68 L. Ed. 686 has since held otherwise. That question is here, however, immaterial. What we did clearly hold, which is here vital and is untouched by the Dorchy case, was that the act in question was constitutional only because it excluded from its operation all business "not affected with a public interest" as that phrase is usually interpreted and applied. An examination of the opinion makes it perfectly clear that had the required interest been only that "slight" interest which the commission insists brings a business within the terms of the act we would have held the act unconstitutional and affirmed the judgment. In fact we there pointed out that these identical words "were no doubt used by the General Assembly to keep the statute within constitutional limits." *People v. United Mine Workers,* 70 Colo. 269, 201 Pac. 54.

While we doubt not that the commission's position is erroneous and the theatre business not included in the phrase "affected with a public interest" it is not so easy, nor is it here necessary, to say what is included. Many attempts to do so have been made by the courts, but Huffman's business can not pass the test of any. Perhaps the best discussion of the subject is to be found in the opinion of Mr. Chief Justice Taft, speaking for the Supreme Court of the United States, in *Wolff Packing*

*Co. v. Court of Industrial Relations of Kansas,* 262 U. S. 522, 43 Sup. Ct. 630, .67 L. Ed. 1103, 1111.

Such being the correct interpretation of the phrase in question the entire controversy is disposed of by *Tyson and Brother v. Banton,* 273 U. S. 418, 47 Sup. Ct. 426, 71 L. Ed. 718, holding the theatre business not affected with a public interest.

Both judgments are accordingly affirmed.