STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOSEPH DOTO, ALIAS JOE ADONIS, DEFENDANT-AP-
PELLANT.

Argued September 15, 1952—Decided September 22, 1952.

*Mr. John E. Selser* argued the cause for the appellant
(*Messrs. Selser & Shenier,* attorneys).

*Mr. Joseph A. Murphy* argued the cause for the respondent
(*Mr. Theodore D. Parsons,* Attorney-General).

PER CURIAM. The judgment will be affirmed for the rea-
sons expressed in the opinion of Judge McGEEHAN in the
court below.

HEHER, J., concurring. The principle of separability is in
aid of the intention of the lawgiver. The inquiry is whether
the lawmaking body designed that the enactment should
stand or fall as a unitary whole. It is not enough that the
act be severable in fact; its severability in the event of
partial invalidity must also have been within the legislative
intention. It is a question of interpretation and of legisla-
tive intent whether the particular provision is so interwoven
with the invalid clauses as that it cannot stand alone. A
severability clause (there was none here) "provides a rule
of construction which may sometimes aid in determining
that intent. But it is an aid merely; not an inexorable
command." *Dorchy v. State of Kansas,* 264 U. S. 286, 44
S. Ct. 323, 325, 68 L. Ed. 686 (1924). Absent such express
declaration, it is to be presumed that the Legislature in-
tended the act to be effective as an entirety. *Riccio v.*

*Hoboken,* 69 *N. J. L.* 649, 662 (*E. & A.* 1903). The effect of the statutory declaration is to create in the place of the stated presumption "the opposite one of separability. That is to say, we begin, in the light of the declaration, with the presumption that the legislature intended the act to be divisible; and this presumption must be overcome by considerations which make evident the inseparability of its provisions or the clear probability that the invalid part being eliminated the legislature would not have been satisfied with what remains." *Williams v. Standard Oil Co. of Louisiana,* 278 *U. S.* 235, 49 *S. Ct.* 115, 117, 73 *L. Ed.* 287 (1929). See, also, *Utah Power & Light Co. v. Pfost,* 286 *U. S.* 165, 52 *S. Ct.* 548, 76 *L. Ed.* 1038 (1932); *Carter v. Carter Coal Co.,* 298 *U. S.* 238, 56 *S. Ct.* 855, 80 *L. Ed.* 1160 (1936); *Electric Bond & Share Co. v. Securities and Exchange Commission,* 303 *U. S.* 419, 58 *S. Ct.* 678, 82 *L. Ed.* 936, 115 *A. L. R.* 105 (1938).

An act may fall in its entirety if the invalid elements constituted an inducement for the passage of the law, even though not the sole inducement. Even where a severability clause has reversed the presumption of an intent that unless the act operates as an entirety it shall be wholly ineffective, the void provision may "so affect the dominant aim of the whole statute as to carry it down with them." *Railroad Retirement Board v. Alton R. Co.,* 295 *U. S.* 330, 55 *S. Ct.* 758, 768, 79 *L. Ed.* 1468 (1935). Compare *United States v. Reese,* 92 *U. S.* 214, 23 *L. Ed.* 563 (1875); *United States v. Steffens,* 100 *U. S.* 82, 25 *L. Ed.* 550 (1879) (*Trade-Mark Cases*).

Here, limiting the reduction in penalty to the offense of keeping a place for gaming would plainly run counter to the outstanding purpose of the Legislature. It would be a violent assumption to hold that the Legislature would have made this seeming arbitrary distinction in punishment between the offenses constituting the legislative class, if the constitutional barrier had been foreseen. Indeed, the scheme of the amendment itself pronounces against this theory.

While the act is mechanically divisible, the element of intention is wanting; and so the rule of severability is inapplicable. The presumption of inseverability has not been overcome. I do not accept the thesis of the Appellate Division that the "application of the rule of severance * * * would leave only the offense of keeping a place for gambling as a crime carrying a punishment, and the first three crimes mentioned in the 1940 amendment would no longer be punishable either under *R. S.* 2:135–3 or under the 1940 amendment, since the 1940 amendment to *R. S.* 2:135–3, if valid in any part, supersedes the original *R. S.* 2:135–3," and therefore this untoward result is the thing that bespeaks an intention to render the amendment inseverable. If there had been revealed an intention that, in the event of partial constitutional insufficiency, the rule of severance would be invocable to sustain the valid provision of the amendment, I would suggest that the saving of the provisions of the preexisting statute not inconsistent with the operative terms of the amendment would be comprehended in the legislative design. *Vide State ex rel. Malott v. Board of Commissioners of Cascade County,* 89 *Mont.* 37, 296 *P.* 1 (*S. Ct.* 1931); *People ex rel. Farrington v. Mensching,* 187 *N. Y.* 8, 79 *N. E.* 884 (*Ct. App.* 1907); *American Federation of Labor v. Bain,* 165 *Or.* 183, 106 *P. 2d* 544, 130 *A. L. R.* 1278 (*S. Ct.* 1940). This is the rule even though there be a repealing clause in the later statute.

Otherwise, I concur in the opinion of the Appellate Division.

HEHER, J., concurring in result.

*For affirmance*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING and JACOBS—5.

*For reversal*—None.