DEKLE, Justice.
Before us for validation are City of Miami Beach bond issues of $2.5 million for sanitation disposal facilities and another $2.5 million for public parks and extension of a community center there. Instead of submitting these proposed issues for vote of only the qualified freeholders in accordance with then effective provisions of the Florida Constitution,[1] statutes,[2] and City Ordinances,[3] the City, with advice of its able counsel, submitted the bond issues for separate votes, one by the freeholders and a second by ALL qualified electors, in anticipation of a ruling on this point by the U. S. Supreme Court in City of Phoenix, Arizona v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (June 23, 1970), then pending, and earlier similar decisions.[4] All bond issues passed by the vote of all electors and only one passed (sanitation facilities) in the separate vote limited to qualified freeholders as in the past.
The City’s clairvoyance was confirmed by the later holding in Phoenix requiring the vote upon such bond issues to be only by all electors and holding unconstitutional a vote which has been limited to freeholders. The wisdom of the City Fathers resulted in a rare savings for the taxpayers by their wise anticipation in providing the dual vote.
This vote was in April preceding the Phoenix decision in June. The State Attorney argues that the decision in Phoenix requiring bond approval by all electors left the City without any authorization for any election on bonds. This does not follow. A change of the class qualified to vote does not ipso facto void the entire authorization for an election to be held.
Phoenix did not declare unconstitutional the election procedure contained in the Constitution, statutes and City Charter. Only the limitation to freeholders was voided; the remainder was in effect and therefore the vote was perfectly valid, without the aid of subsequent enabling legislation passed on May 12, 1970, by the Florida Legislature which made express provision for such special elections. The authorizing City Resolutions for issuance of the bonds were therefore also valid and timely.
*865 The question is settled by Phoenix and related U. S. Supreme Court cases [5] and we are accordingly mandated to approve the vote by all qualified electors and the ensuing City Resolutions thereon. The vote being otherwise valid and no other valid objection appearing, the trial court’s validation of the proposed bonds is
Affirmed.
ROBERTS, C. and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. Fla.Const. art. VII, § 11, F.S.A. (1968).

. Chapter 22401, Fla.Laws 1943.

. Charter of Miami Beach, Subsection (y) of § 29 and § 30.

.Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969) ; Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).

. Id.