BOYD, Justice.
This cause is before us on direct appeal to review the decision of the Circuit Court, Dade County, validating Street and Highway Improvement Bonds in the amount of $17,375,000 and Storm Sewer Improvement Bonds in the amount of $10,000,000, issued by the City of Miami.
A special bond election was held on June 30, 1970. At that time, both bond issues were submitted to the electors of the City of Miami who were freeholders not wholly exempt from taxation, as required by Section 12, Article VII of the Florida Constitution, F.S.A., and Section 58 of the Miami City Charter. On the same date the City elected to hold an additional bond election on the question of issuing each of said bond issues at which all qualified electors were permitted to vote. This procedure was permitted by Chapter 70-18, Laws of Florida, approved May 12, 1970, which provides in pertinent part as follows:
“Notwithstanding the foregoing provisions of this act or the provisions of any other general or special law of the State of Florida, in the event that either the United States Supreme Court or the Florida Supreme Court shall render a decision declaring that the requirement that only freeholder electors may vote in bond elections contained in Section 12 of Article VII of the Constitution of the State of Florida as revised in 1968 is in violation of the United States Constitution, each governmental taxing unit shall thereafter have power to issue bonds of the character presently requiring an election pursuant to the requirements of Section 12 of Article VII of the Constitution of the State of Florida as revised in 1968 for the issuance of which bonds such governmental taxing unit shall have lawful authority if the issuance of such bonds shall have been approved by vote in a bond election of a majority of the qualified electors of, together with a majority of the qualified freeholder electors of, such governmental taxing unit voting thereon.”
On June 23, 1970, the United States Supreme Court rendered its decision in the case of City of Phoenix, Arizona et al. v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970), holding that the provisions of the Arizona Constitution and statutes which exclude non-property owners from elections for the approval of the issuance of general obligation bonds violate the Equal Protection Clause of the Federal Constitution. This decision was made applicable to all future bond elections and had obvious application to Florida bond elections since the limitations in the Arizona Constitution were identical in effect to those in the Florida Constitution.
Ordinance No. 7869 of the City of Miami, providing for the holding of the special bond election, set out, in part, the following procedure :
“In order to accommodate voting by freeholder electors and by qualified electors who are not freeholder electors at single voting machines, freeholder electors shall vote at the first row of horizontal ballot frames of the voting machines and the qualified electors who are not freeholder electors shall vote at the second row of horizontal ballot frames of the voting machines. Written notices shall be placed on each voting machine instructing freeholder electors that their votes may only be registered on the first row of horizontal ballot frames and instructing qualified electors who are not freeholder electors that their votes may only be registered on the second row of horizontal ballot frames.”
*499 The results of the special bond election were as follows :

Storm Sewer Improvement Bonds

For: 8,617 votes cast by freeholders
4,325 votes cast by non-freeholders
Against: 8,876 votes cast by freeholders
1,669 votes cast by non-freeholders

Street and Highivay Improvement Bonds

For: 8,127 votes cast by freeholders
4,027 votes cast by non-freeholders
Against: 9,105 votes cast by freeholders
1,790 votes cast by non-freeholders
The trial court held the election procedure and the bonds valid, stating:
“On March 24, 1971, the Florida Supreme Court in State v. City of Miami Beach, 245 So.2d 863 (Fla.1971) affirmed a lower court validation of certain bonds of the City of Miami Beach which, prior to the decision in City of Phoenix, Arizona, et al v. Emily Kolodziejski, supra, had been approved by a vote of all qualified electors but disapproved in separate votes limited to qualified freeholders on the ground that the decision in the Phoenix Case did not declare unconstitutional the election procedure contained in the Florida Constitution, statutes and City Charter but only the limitation to freeholders was voided so that the remainder of such authorization was in effect and the vote was perfectly valid even without the aid of Chapter 70-18, Laws of Florida.”
The trial court went on to hold that the City was authorized to issue the bonds, “since the question as to the issuance of each issue of bonds was approved by vote of a majority of the qualified electors of the City voting thereon including freeholder electors and electors who were not freeholder electors in accordance with the requirements of the Federal Constitution and the Constitution and laws of the State of Florida.”
It is clear that under the Phoenix decision, supra, general obligation bond elections can no longer be limited to freeholders. Florida Statutes, Chapter 70-18, permitting a majority of the freeholders voting to veto a majority vote of all electors, in effect permits issuance of ad val-orem bonds only when approved by freeholder vote and is unconstitutional.
In State v. City of Miami Beach,[1] this Court held valid bonds issued subsequent to the Phoenix decision but without the aid of Chapter 70-18, stating:[2]
“Phoenix did not declare unconstitutional the election procedure contained in the Constitution, statutes and City Charter. Only the limitation to freeholders was voided; the remainder was in effect and therefore the vote was perfectly valid, without the aid of subsequent enabling legislation passed on May 12, 1970, by the Florida Legislature which made express provision for such special elections. The authorizing City Resolutions for issuance of the bonds were therefore also valid and timely.”
The bonds in the instant case were approved by a majority of all electors, including freeholders and non-freeholders, and their issuance, therefore, satisfies the requirements of the Phoenix decision and the decision of this Court in State v. City of Miami Beach, set out above.
Accordingly, the judgment of the lower court is affirmed.
It is so ordered.
ERVIN, McCAIN and DEKLE, JJ., concur.
ROBERTS, C. J., dissents with opinion.

. 245 So.2d 863 (Fla.1971).

. Id. at 864.