**Pat L. TORNILLO, Jr., individually and as Father and next friend of Mandelyn Tornillo and Robert Tornillo, minors, et al., Plaintiffs-Appellees,**

v.

**DADE COUNTY SCHOOL BOARD et al., Defendants,**

**State of Florida Board of Education, Defendant-Appellant.**

**No. 71-1774.**

United States Court of Appeals, Fifth Circuit.

March 31, 1972.

Rivers Buford, Jr., Gen. Counsel, Tallahassee, Fla., James T. Schoenbrod, Miami, Fla., Charles E. Miner, Jr., Gene T. Sellers, Tallahassee, Fla., for defendant-appellant.

Tobias Simon, Elizabeth J. duFresne, Miami, Fla., for plaintiffs-appellees.

Thomas C. Britton, Frank A. Howard, Jr., Miami, Fla., for other interested parties.

Before JONES, AINSWORTH and GODBOLD, Circuit Judges.

JONES, Circuit Judge:

In the Constitution of the State of Florida, adopted in 1968, is the following provision:

(a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.

(b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; for all school purposes, ten mills; and for special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes. Art. VII, Sec. 9, Fla.Const.1968.

A Florida statute incorporated by reference the quoted constitutional provision. F.S.A. § 236.25 as amended.

Pat R. Tornillo, Jr., a citizen and freeholder of Dade County, Florida, individually and as next friend of his school age children, Janet Dean, a nonfreeholder citizen of Dade County, Florida, and a teacher in its public schools, and Dade County Classroom Teachers Association, a non-profit corporation having a majority of the Dade County teachers as members, brought an action against the State of Florida Board of Education, the Dade County School Board, the Tax Assessor and the Tax Collector of Dade County seeking a declaratory decree that Article VII, § 9(b) is in conflict with the Constitution of the United States, an injunction against reliance upon it in raising revenue for school purposes, and for general relief. A three-judge district court was sought and constituted.

The three-judge court concluded that "absent a compelling state interest, which is not evident here, authority to levy ad valorem taxes for school purposes cannot be restricted by a constitutional provision to freeholders only, but

must be submitted to all registered voters." The three-judge court decided that no substantial constitutional question was presented and dissolved itself, leaving the case for determination by the single-judge court. The three-judge court made no determination as to whether the freeholder clause was separable from the rest of the section. An application was made for the reconvening of the three-judge court for a determination of this question. The district single-judge court declined to reconvene the three-judge court on the dual grounds that the question was settled and that since the prayer for injunctive relief had been withdrawn there was no three-judge jurisdiction. On this phase of the case no more need now be said than that there is no need now for a three-judge court. The district court concluded that the freeholder clause was invalid and that it was inseparable from the other provisions and therefore the whole of Section 9(b) must fall. In the district court's judgment it was provided:

> Authority to authorize increases in ad valorem taxes cannot be restricted to freeholders only. Those provisions of Article VII Section 9b of the Florida Constitution so providing are unconstitutional. In the full exercise of this Court's jurisdiction, the remaining provisions of Article VII Section 9b of the Florida Constitution are hereby determined to be inseparable therefrom and they necessarily fall as a result of this Court's ruling on the freeholder provisions. It follows that F.S. 236.25 (as amended by 70–401 Sec. 4, Laws of Florida), being the statutory counterpart of the subject constitutional provision, must be inoperative.

This Court can quickly agree with the district court's determination that authorization of ad valorem taxes cannot be restricted to freeholders. As the district court recognized, the law on this point is well settled. Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583; Cipriano v.

City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647; City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523. But on the question of separability we cannot agree.

The answer to the question of separability of the freeholder clause from the remainder of the challenged provision is to be found in the law of the state. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485; Dorchy v. Kansas, 264 U.S. 286, 44 S.Ct. 323, 68 L.Ed. 686. The Supreme Court of Florida, in a bond validation action, upheld a municipal bond issue where a constitutional provision relating to authorization of bonds by electors contained the same freeholder clause as is in the provision before us. The bond election was in two parts. In one only freeholders voted. In the other all registered electors voted. A majority of the freeholders opposed the issue. A majority of the group composed of all registered electors approved the bond issue. The Florida court held the freeholder clause invalid but upheld the rest of the section as requiring the approval of qualified electors without regard to their freeholder status. State of Florida v. City of Miami Beach, Fla., 245 So.2d 863. The differences in the two provisions of the Florida Constitution form no basis for distinguishing the Florida Supreme Court decision from the case here decided.

The judgment should be affirmed in the determination that the freeholder clause of Art. VII, § 9(b) is in conflict with the United States Constitution and is therefore invalid. The judgment of the district court in holding that Art. VII, § 9(b) with the freeholder clause stricken is invalid is erroneous and must be reversed. The cause will be remanded for the entry of a judgment declaring that the portion of such section reading "who are the owners of freeholds therein not wholly exempt from taxation" is invalid and inoperative and that such section, with such language deleted, is valid against the charge of being in conflict with the equal protection clause of the United States Constitution.

The final judgment of the district court was entered on February 24, 1971. The notice of appeal was filed in this Court on March 24, 1971. The Supreme Court of Florida decided the City of Miami Beach case on March 24, 1971. The Florida Legislature enacted an amendment to F.S.A. § 236.25 [1] purporting to authorize school districts to levy and collect taxes without a vote of electors. In argument before this Court and by a brief filed at the Court's request, the Dade County School Board states that it has levied a tax in excess of ten mills under the purported authorization of § 236.25 as amended in 1971. The School Board has outlined the confusion that it anticipates may result from the anticipated decision of this Court that § 9(b) is not void in its entirety. We are urged to so shape our opinion and judgment as not to impair or impede the collection of the excessive tax levy. This we cannot do. We can only decide the cause that is brought to us and on the record before us. The function of this Court is limited to testing the judgment from which the appeal is taken by the law applicable to the issues presented. If the School Board is entitled to relief from the unhappy predicament it is in, and as to this we have no opinion,

it must be in a different action and perhaps before a different forum.

The judgment of the district court is reversed and remanded with directions.

1. The school board of each district shall levy a district tax which shall include the proceeds derived from the assessment and collection of taxes from the following authorizations:

(1) A tax levy not to exceed:

(a) Ten (10) mills on the dollar of all taxable property in the district; and

(b) Additional millage sufficient to fund:

1. Voted local capital improvement;
2. Required debt service;
3. Commissions to tax collector and tax assessor;
4. Any deficit in state funding of required retirement matching;
5. Any decrease in federal forest funds for the prior year as related to the levels of funding for 1969–70;
6. The amount of money necessary to replace any decrease in funds from Public Law 81–874,[1] decrease

meaning the difference between that amount of money received by the school district during the current fiscal year and the largest amount of money received by the said district under the said law subsequent to July 1, 1967;

7. The amount of money necessary to replace any deficiency in the district's entitlement to Cuban refugee funds under Public Law 87–510, Migrant and Refugee Assistance Act of 1962; [2] and

8. Cost of liability insurance due to waiver of sovereign immunity.

(2) These taxes shall be certified, assessed, and collected as prescribed in Section 237.18, Florida Statutes, and shall be expended as provided by law.

1. 20 U.S.C.A. § 236 et seq.

2. 22 U.S.C.A. § 2601 et seq.
Laws of Florida 1971, Ch. 71–263.