JOHN F. INGANAMORT, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. BOROUGH OF FORT LEE, MAYOR AND COUNCIL OF BOROUGH OF FORT LEE AND RENT LEVELING BOARD OF THE BOROUGH OF FORT LEE, DEFENDANTS-APPELLANTS.

Argued October 26, 1976—Decided March 2, 1977.

413

414

*Mr. Armand Pohan* argued the cause for appellants (*Messrs. Fuchs and Altschul,* attorneys for appellant Rent Leveling Board of the Borough of Fort Lee and *Messrs. McCarter and English,* attorneys for appellants Borough of Fort Lee and Mayor and Council of Borough of Fort Lee; *Mr. Pohan* of counsel; *Mr. William T. Reilly* on the joint brief).

*Mr. Richard F. Aronsohn* argued the cause for respondents John F. Inganamort, Michael J. Inganamort, LaSalle Contracting Corp., a joint venture trading as Mediterranean Towers, Alexander Summer, Trustee under Linwood Buildings No. 1 through 13, Robert Slater and Bruce Slater, a partnership trading as Slater Associates, Harry B. Helmsley and Alvin Schwartz, general partners of a limited partnership trading as Horizon House Associates, and Fort Lee Taxpayers and Property Owners Committee (*Messrs. Aronsohn, Kahn and Springstead,* attorneys; *Mr. Aronsohn* of counsel; *Mr. Robert J. Schmitt, Jr.* on the brief).

*Mr. Francis B. Rusch* argued the cause for respondents Helmsley-Spear, Inc. and Alexander Summer, Inc.

The opinion of the court was delivered by

PASHMAN, J. This case presents a novel issue in this Court: whether a municipal ordinance may be extended by resolution of the community's governing body where this procedure is explicitly called for in the enactment.

The challenges in this case involve Fort Lee ordinances No. 72–1 and No. 74–26. The former was enacted by the

Borough of Fort Lee in 1972 and is entitled "An Ordinance to Regulate, Control and Stabilize Rents and Create a Rent Control Board within the Borough of Fort Lee." Although various other procedural challenges to this ordinance, and to the constitutionality of rent control generally, have been previously decided, the instant litigation presents for the first time the validity of efforts to extend the life of the ordinance by resolution.[1] As originally adopted, the ordinance provided that it would be effective for three years. Two weeks after its initial enactment, however, an amendment was passed reducing the term of the ordinance to one year and providing that the governing body of the borough could extend its life on a yearly basis by resolution. The amended provision, section 20, states:

This ordinance is to take effect immediately upon passage and publication as required by law, and shall remain in full force and effect for a period not to exceed one year from said effective date and shall automatically terminate, cease and be of no force and effect unless specifically extended by the Governing Body by Resolution extending said term from year to year. Any such extension action

[1] In *Inganamort v. Bor. of Fort Lee*, 62 *N. J.* 521 (1973), the Court upheld the same ordinance over contentions that rent control was an unconstitutional exercise of the municipality's police power. Other procedural challenges, involving notice and hearing requirements implicated in the enactment of the ordinance, were rejected by the trial court opinion in the prior litigation, 120 *N. J. Super.* 286, and are not raised today. This suit is a consolidation of six separate actions challenging ordinance No. 72–1 and ordinance No. 74–26. Ordinance No. 74–26 was amendatory in nature, limiting the percentage increase in any calendar year to 2½%. There were two additional amendatory ordinances: Ordinance No. 73–26 set forth a schedule of fees for complaints and applications to the rent leveling board; Ordinance No. 74–6 involved eviction and reletting restrictions.

In *Troy Hills Village v. Parsippany-Troy Hills Tp. Council*, 68 *N. J.* 604 (1975) the ordinance also provided that it could be extended by a resolution of the governing body. However, because the ordinance had been extended by a new ordinance, and not by resolution, it was unnecessary to reach the question presented by this case. *See* 68 *N. J.* at 615, n. 4.

must be taken by the Governing Body prior to the first anniversary date of this Ordinance and each anniversary date thereafter.

In accordance with the terms of the ordinance, the governing body of the municipality unanimously passed a resolution in January 1973, prior to the expiration date of the ordinance, extending its duration for another year commencing February 2, 1973. The governing body again acted unanimously the following year, passing a second resolution extending the life of the ordinance for an additional year commencing on February 2, 1974.

Plaintiffs in this case are landlords and managing agents of multi-family dwellings in Fort Lee. They argue that an ordinance may not be extended by resolution, whether or not the terms of the ordinance tolerate such a result. Assuming that section 20 is invalid, they argue that the ordinance expired by its terms at the expiration of the original one-year period. And because the amendatory ordinances purported to amend an expired ordinance, see *ante* at 415 n. 1, they argue that subsequent ordinances had no effect on rent control in the municipality. The defendant borough, on the other hand, asserts that the delegation of authority, allowing the governing board to extend the ordinance by resolution, was not legislative in character, and therefore was valid. Alternatively, it argues that the Court should give effect to the decision of the governing body to extend the ordinance either under a theory of ratification or that the original ordinance be incorporated into amendatory ordinances.

The trial court granted plaintiff's motion for summary judgment, holding that the governing body could not extend the ordinance by a resolution and that as a result the ordinance expired after the original one-year term. Additionally, it found that the amendatory ordinances failed to revive the expired enactment. We granted certification on our own motion while the matter was pending unheard in the Appellate Division. 69 *N. J.* 399 (1976).

We find that the trial court's decision on the validity of section 20 of Ordinance No. 72–1 was correct, but that the

invalid section may be severed from the remainder of the provision. Consequently, we hold that the ordinance remained in effect until specifically repealed or superseded by another enactment.

I

We first consider plaintiff's contention that a municipal ordinance may not be extended by a resolution.

It is settled that a municipality is a creature of the Legislature, and as such is a government of enumerated powers which can act only by delegated authority. *Giannone v. Carlin*, 20 *N. J.* 511, 517 (1956); *Gilbert & Sentinel Sales Corp. v. Town of Irvington*, 20 *N. J.* 432, 436 (1956); *N. J. Good Humor, Inc. v. Bd. of Comm'rs of Bradley Beach*, 124 *N. J. L.* 162 (E. & A. 1940); *Markey v. City of Bayonne*, 24 *N. J. Super.* 105, 93 *A.* 2d 589 (App. Div. 1953). While the power to fix rents has been held to be within the powers delegated to municipalities pursuant to *N. J. S. A.* 40:48–2, *Inganamort v. Fort Lee*, 62 *N. J.* 521 (1973); *Hutton Pk. Gardens v. West Orange Town Council*, 68 *N. J.* 543 (1975); *Brunetti v. Borough of New Milford*, 68 *N. J.* 576 (1975); *Troy Hills Village v. Parsippany-Troy Hills Tp. Council*, 68 *N. J.* 604 (1975), this grant of legislative authority does not release municipalities from their obligation to follow certain procedures. Accordingly, this Court has held that "[a]ny exercise of a delegated power by a municipality in a manner not within the purview of the governing statute is capricious and *ultra vires* of the delegated powers." *Giannone v. Carlin, supra*, 20 *N. J.* at 517; *Oliva v. City of Garfield*, 1 *N. J.* 184, 190 (1948); *Hasbrouck Heights Hospital Ass'n v. Borough of Hasbrouck Heights*, 15 *N. J.* 447, 455 (1954).

A municipality may exercise its delegated powers through either an ordinance or a resolution. The general distinction between the two types of enactments has been described as follows:

An ordinance is distinctively a legislative act; a resolution, generally speaking, is simply an expression of opinion or mind concerning some particular item of business coming within the legislative body's official cognizance, ordinarily ministerial in character and relating to the administrative business of the municipality. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.

> [*McQuillin, Municipal Corporations* (3 ed. 1973) § 14.02 at 43–45; footnotes omitted].

*See Albigese v. City of Jersey City,* 129 *N. J. Super.* 567, 569 (App. Div. 1974) ("the term 'ordinance' encompasses matters legislative in character, while the term 'resolution' refers to matters administrative in nature."); *Woodhull v. Manahan,* 85 *N. J. Super.* 157 (App. Div. 1964), aff'd 43 *N. J.* 445 (1964); *O'Keefe v. Dunn,* 89 *N. J. Super.* 383, 388 (Law Div. 1965), aff'd o. b. 47 *N. J.* 210 (1966); 1 *Antieau, Municipal Corporation Law,* § 4.15 at 4–30 (1975) (municipal enactments must be in the form of ordinances "when 'legislative' in nature, that is, when they announce a rule of continuing effect applicable widely throughout the municipality and usually imposing controls upon the liberties, properties or business of citizens").

While there is no statute specifically authorizing a municipality to pass rent control ordinances, such power has been held to stem from the general grant of police power in *N. J. S. A.* 40:48–2. *See Inganamort v. Bor. of Fort Lee,* 62 *N. J.* 521 (1973). In order to determine whether an ordinance or a resolution is necessary to exercise the delegated power in the instant case, the enabling statute, *N. J. S. A.* 40:48–2, must be considered. The statute provides:

> *Other Necessary and Proper Ordinances* —
> Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety

and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law.

The terms used in the section — "ordinances, regulations, rules and by-laws" — have been held to be synonymous, requiring enactment by ordinance, as opposed to merely by a resolution. *Eckerson v. Englewood,* 82 *N. J. L.* 298, 301 (Sup. Ct. 1912); *Levy v. Elizabeth,* 81 *N. J. L.* 643, 647 (E. & A. 1911); *McQuillin, supra,* § 15.04 at 49.

Although there may be occasions where a delegated power may be exercised by a resolution in the absence of any indication in the statute otherwise, *Fraser v. Teaneck,* 1 *N. J.* 503 (1949); *Halsey v. Rapid Transit Co.,* 54 *N. J. L.* 102 (Sup. Ct. 1891); *McLaughlin v. Millville,* 110 *N. J. Super.* 200 (Law Div. 1970) we are convinced that both the statutory language in the enabling act and the nature of the regulation involved in the fixing of rents lend support to the conclusion that the appropriate form of enacting a rent control measure is by ordinance and not resolution. *See e. g., Levy v. Elizabeth, supra,* (listing various subjects of regulation under a similar enabling statute which are unsuited to control by resolution). *Compare also,* the collection of cases annotated in *McQuillin, supra,* § 15.04 at 49, *with* those *id.* at § 15.06 at 56. Moreover, this conclusion is supported by the apparent assumption in *Inganamort v. Bor. of Fort Lee, supra,* that enactment of rent control measures would be by ordinance. *See* 62 *N. J.* at 536 ("We are satisfied that *N. J. S. A.* 40:48–2 confers upon municipalities the power to adopt rent control ordinances.").

The defendant borough, however, argues that even though the adoption of a rent control measure must be by ordinance, the extension of the ordinance in this case was an administrative act which is capable of being carried out by a resolution; it maintains that the findings of fact necessary to sustain the continuation of the ordinance involve only an administrative determination.

The defendant's argument would allow it to accomplish indirectly what it had no power to do directly. Clearly, the duration of the regulation involved an important aspect of the legislative judgment and should be subject to the same procedural safeguards which were required to attend the passage of the rent measure in the first instance. Thus, the court in *Albigese v. City of Jersey City*, 129 *N. J. Super.* 567 (App. Div. 1974) held that a reenactment of rent control legislation which initially was required to be enacted by ordinance may not be accomplished by resolution. Relying upon reasoning which we find to be persuasive, the court stated:

Obviously, the municipality did not acquire a power denied to it by incorporating in the original enactment the provision for an extension by resolution rather than by the adoption of a new ordinance. * * * We add that to require extension only by ordinance in a matter of public importance such as this serves the salutary objectives of public office and participation and affords the opportunity for unhurried deliberation.

[129 *N. J. Super.* at 570.]

*Accord, Gardens v. City of Passaic*, 130 *N. J. Super.* 369, 380 (Law Div. 1974); *Kessler v. City of Passaic*, 113 *N. J. Super.* 59 (Law Div. 1971).

██ ██ These important interests — public notice and participation — are also embodied in the established rule that a statute requiring that an action be taken by ordinance cannot be accomplished by a mere resolution. *See Chasis v. Tumulty*, 8 *N. J.* 147, 153 (1951); *Public Service Ry. Co. v. Camden*, 95 *N. J. L.* 190 (E. & A. 1920); *Roselle v. South Orange*, 21 *N. J. Super.* 598 (App. Div. 1952); *McLaughlin v. Millville*, 110 *N. J. Super.* 200 (Law Div. 1970); *Kessler v. City of Passaic*, 113 *N. J. Super.* 59, 62 (Law Div. 1971). In effect, a contrary result in this case would allow the municipality to remove from the ordinance

process an important aspect of the regulatory measure — its duration.[2]

■ ■ Finally, the use of a resolution to extend the duration of the ordinance would conflict with the policy behind the well-settled rule that an ordinance may not be amended or modified by a resolution. *See American Malleables Co. v. Bloomfield*, 83 *N. J. L.* 728, 734–735 (E. & A. 1912)*; Antonelli Construction, Inc. v. Milstead*, 34 *N. J. Super.* 449, 456 (Law Div. 1955); 1 *Antieau, supra,* § 4.40 at 4–76, n. 3; 6 *McQuillin, supra,* § 21.04 at 199, n. 46; C. Rhyne, *Municipal Law* § 9–7 at 234 (1957). While the inclusion of section 20 in the ordinance, allowing it to be extended by resolution, arguably might lead to the conclusion that the ordinance had not technically been modified, a reenactment of the ordinance would certainly involve the same type of legislative judgment which is involved in either a modification or a repeal of an ordinance. *Albigese v. City of Jersey City, supra,* 129 *N. J. Super.* at 569. *Cf., Kessler v. City of Passaic, supra,* 113 *N. J. Super.* at 63.

## II

Having determined that section 20 is invalid, we must now consider whether this section may be severed from the remaining portion of the ordinance.

■ Sections 18 and 19 of Ordinance No. 72–1 provide:

Sec. 18. This ordinance being necessary for the welfare of the Borough and its inhabitants shall be liberally construed to effectuate the purposes thereof.

Sec. 19. If any provisions of this ordinance or the application of such provision to any person or circumstances is declared invalid, such invalidity shall not effect other provisions or applications of

---

[2] Of course, an ordinance may be promulgated which continues in force until repealed or superseded. *Bohan v. Weehawken Tp.*, 65 *N. J. L.* 490 (Sup. Ct. 1900); *McQuillin, supra,* § 15.42 at 129. In such a case its operation may not be suspended by resolution. Id.

this act which can be given effect and, to this end, the provisions of this act are declared to be severable.

The latter section creates a presumption that each section of the ordinance is severable. *Brunetti, supra,* 68 *N. J.* at 600, n. 23. *See* 6 *McQuillin, supra,* § 20.65 at 173–174; C. Rhyne, *supra,* § 9–11 at 241; *State v. Doto,* 10 *N. J.* 318–319 (1952) (Heher, J., concurring); *Sutherland, Statutory Construction* (3 ed. rev. 1973), § 44.09 at 353.

 Nevertheless, it is still necessary to ascertain the legislative intent in enacting section 20. The appropriate rule was stated in *State v. Lanza,* 27 *N. J.* 516 (1958):

The principle of separability is in aid of the intention of the law-giver. The essential inquiry is whether the lawmaking body designed that the enactment should stand or fall as a unitary whole. It is not enough that the act be severable in fact; its severability in the event of partial invalidity must also have been within the legislative intention. It is a question of interpretation and of legislative intent whether the particular provision is so interwoven with the invalid clauses as that it cannot stand alone. A severability clause "provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command." *Dorchy v. State of Kansas,* 264 *U. S.* 286, 44 *S. Ct.* 323, 68 *L. Ed.* 686 (1924). Even where a severability clause has reversed the presumption of an intent that unless the act operate as an entirety it shall be wholly ineffective, the void provisions may "so affect the dominant aim of the whole statute as to carry it down with them." *Railroad Retirement Board v. Alton R. Co.,* 295 *U. S.* 330, 55 *S. Ct.* 758, 768, 79 *L. Ed.* 1468 (1934).

[27 *N. J.* at 527–528]

As we stated in *Affiliated Distillers Brands Corp. v. Sills,* 60 *N. J.* 60 (1972), referring to an analogous aspect of statutory construction, the legislative intent "must be determined on the basis of whether the objectionable feature of the statute can be excised without substantial impairment of the principal object of the statute." 60 *N. J.* at 345. *See N. J. Chapt., Am. I. P. v. N. J. State Bd. of Prof. Planners,* 48 *N. J.* 581, 593 (1967), appeal dismissed and *cert.* den. 389 *U. S.* 8, 88 *S. Ct.* 70, 19 *L. Ed.* 2d 8 (1967); *Angermeier*

*v. Borough of Sea Girt*, 27 *N. J.* 298, 311 (1958). *Suther-land, supra* § 44.07 at 347–348. Courts will enforce severability where the invalid portion is independent and the remaining portion forms a complete act within itself. *See Affiiliated Distillers Brands Corp. v. Sills, supra*, 60 *N. J.* at 345–346; *Yanow v. Seven Oaks Park, Inc.*, 11 *N. J.* 341, 361 (1953); *Washington National Ins. Co. v. Bd. of Review*, 1 *N. J.* 545, 556 (1949); *Gross v. Allan*, 37 *N. J. Super.* 262, 269 (App. Div. 1955); *Sutherland, supra* § 44.04 at 341–342.

 The dominant purpose of the instant ordinance was clearly aimed at ensuring that rents would be regulated in the borough as long as the housing emergency continued.[3] There has been no showing that if the governing body had been advised that section 20 was invalid, it would have terminated rent control at the end of the first year. It is far more likely that the intent would have been to have the ordinance continue to operate until repeal. We therefore conclude that severing section 20 would be consistent with the apparent legislative intent in enacting the ordinance. Not only is the invalid portion functionally independent of the rest of the ordinance, but the purpose of the enactment would be fully carried out without the severed portion. Without that section rent control would exist in the borough as long as the housing emergency existed, leaving the municipality free to terminate its regulation by repeal or a superseding provision.

The trial court, however, failed to consider the dominant purpose of the enactment, or whether the invalid portion was

---

[3]The preamble of the ordinance reads in part:
the governing body of the Borough of Fort Lee does hereby declare that an emergency exists . . . with respect to the rental of housing space in multiple dwellings not subject to rent regulation by reason of the demands for increases in rent which are determined by said government body to be exorbitant, speculative, and unwarranted and that such increases are causing severe hardships upon tenants and are adversely affecting the health, safety and general welfare of the citizens of the Borough . . . warranting legislative action . . . .

independent of the remainder of the ordinance. Instead, it concluded that because section 20 served as an inducement for the legislative body to pass the ordinance, it was not severable. Admittedly, it is relevant to consider whether the invalid section served as a principal or significant inducement to passage, *Stale v. Doto, supra,* 10 *N. J.* at 319 (Heher, J., concurring) ; *Sutherland, supra* § 44.06 at 346 ; or whether the enactment would have been passed without the invalid section. *Affiliated Distillers Brands Corp. v. Sills,* 56 *N J.* 251 (1970) ; *N. J. Chapt., Am. I. P. v. N. J. State Bd. of Prof. Planners, supra,* 48 *N. J.* at 594; *Ahto v. Weaver,* 39 *N. J.* 418, 429 (1963). But, as was noted above, here it is evident that the governing body would have passed the ordinance without the invalid portion; inclusion of section 20 was intended only as a way of making certain that rent control would be retained for the duration of the housing shortage, an end which is readily achievable without the severed section. Even though section 20 may have, to some degree, served as an inducement to passage, we cannot sustain the trial court's conclusion that its inclusion prior to passage necessitates the ordinance falling in its entirety. *See also, Barry Gardens v. Passaic,* 130 *N. J. Super.* 369, 381 (Law Div. 1974).[4]

The judgment of the trial court is therefore reversed.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.

---

[4]Because we find that the rent control ordinance continued in effect after its intended expiration date, we need not reach defendant's contention that the subsequent amendatory ordinances revived the expired ordinance.