The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question:
 Considering that the appropriation acts of the Regular Session of 1989 have been declared unconstitutionally enacted, that the Governor has called a Special Session for the Legislature to repeal those acts and appropriate the funds by new acts, whether the Secretary of State is required to publish the appropriation acts of the Regular Session of 1989 (which are currently at the contractor's) at a cost to the taxpayers of approximately $45,000. Or, whether this office may publish only the appropriation acts of the 1st Extraordinary Session of 1989 for distribution.
It is my opinion that the "appropriation acts of the Regular Session of 1989" are not "acts" for purposes of those provisions governing the Secretary of State's powers and duties in connection with the printing of acts of the General Assembly. A.C.A.25-18-205; 25-18-206. This conclusion is compelled primarily by the Arkansas Supreme Court's recent decision in the case of Jimmie Lou Fisher, Treasurer, et al. v. Perroni, et al., No. 89-166 (Ark. S.Ct., June 19, 1989), wherein the Court ruled invalid Act 43 of 1989, the General Appropriation Bill. According to the Court's ruling, Act 43 did not pass because it failed to receive a three-fourths vote. (Opinion, p. 3-4). The Court affirmed the lower court's judgment and order holding that Act 43 of 1989 violates Article 5, Section 39 of the Constitution of Arkansas, which contains the three-fourths vote requirement. The lower court also held that all other subsequently enacted appropriation acts of 1989 violate Article 5, Section 40 of the Constitution of Arkansas because the General Appropriation Bill was not properly passed first as required by that constitutional provision. This ruling was also part of the judgment and order affirmed by the Supreme Court.
A review of other case law indicates, consistent with the ruling in Fisher v. Perroni, supra, that bills which fail to receive the requisite number of votes are void. See, e.g., Belote v. Coffman,117 Ark. 352A (1915); Combs, Com. of Ins. v. Glen Falls Ins. Co.,237 Ark. 745k, 375 S.W.2d 809 (1964). Also significant for purposes of your inquiry is the general rule that when a statute is declared unconstitutional, it must be treated as if it had never been passed. Huffman v. Dawkins, 273 Ark. 520, 527,622 S.W.2d 159 (1981) (citations omitted).
With regard to the Secretary of State's duties in connection with the publication of acts, A.C.A. 25-18-205 states in pertinent part:
 (a) The Secretary of State shall make out true and accurate copies of all the laws, resolutions, and memorials and deliver them to the contractor for printing the acts of the General Assembly as fast as the contractor may need the copies in fulfillment of his contract as required by law.
 (b) It shall be the duty of the Secretary of State to have prepared and furnish to the public printer a full, thorough, and complete index with subheads to the acts of the General Assembly.
 (c) The Secretary of State shall pay for the copying of the acts by the public printer at the rate of ten cents (10¢) per one hundred (100) words, and for indexing and subheading the acts, a reasonable compensation to be fixed by the State Board of Public Printing not to exceed the customary price paid for such work.
It is thus apparent that the Secretary of State's duties in this regard are focused upon the "laws" enacted by the General Assembly, which laws must be copied and delivered "for printing the acts of the General Assembly. . . ." A.C.A. 25-18-205(a). In this instance, the acts in question have been deemed unconstitutional and must therefore be treated as though they were never passed by the General Assembly. Huffman v. Dawkins, supra. They do not, in my opinion, constitute "acts" for purposes of the requirements under 25-18-205.
It may therefore reasonably be concluded that the Secretary of State is not required to publish these invalid appropriation acts. In response to the second part of your inquiry, the publication requirements will extend to appropriation acts that are passed during the current First Extraordinary Session of 1989.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.