The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding subsections (e) and (f) of A.C.A. § 7-9-107, which were added to this Code section, respectively, by Act 280 and Act 912 of 1989. You note that the Arkansas Supreme Court in Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), held unconstitutional §7-9-107(e)(1)(B)(i) and (ii).[1] You also note that the opinion does not mention the provision requiring the Secretary of State to publish the popular name, ballot title and text of the proposal, nor the requirement that the sponsor pay for this publication. You have therefore asked the following question:
 In the event the Attorney General certifies the popular name and ballot title of a petition before September 30 of the year preceding the general election, must the Secretary of State, pursuant to A.C.A. § 7-9-107(e)(1)(A), cause the publication in a statewide newspaper, with the cost to be paid by the sponsor (A.C.A. § 7-9-107(f))?
It is my opinion that the answer to this question is "no." While the court in Finn did not specifically address the provisions in § 7-9-107(e) and (f) relating to publication, it must be concluded that they also fail because the legislature cannot be presumed to have intended passage of these provisions independent of the early certification procedure.
Act 280 of 1989, which added subsection (e) to § 7-9-107, contains a so-called "severability clause" stating that the invalidity of any provision of the act "shall not affect other provisions which can be given effect without the invalid provision. . . ." Acts 1989, No. 280, § 8. While it might be contended at first blush that the publication requirement can be given effect without that portion of the act governing early review of the ballot title and popular name by the court, it must be recognized that while a severability clause is an aid to the courts in construing a statute, it is not, as stated by the Arkansas Supreme Court, "`an inexorable command.'" Combs v. GlenFalls Ins. Co., 237 Ark. 745, 748, 375 S.W.2d 809 (1964),quoting Dorchy v. Kansas, 264 U.S. 286 (1924). The court inCombs went on to state:
 While such a clause deserves reasonable consideration it should not be paid undue homage. Sutherland Statutory Construction (3d Ed.), § 2408. . . . In Nixon v. Allen, 150 Ark. 244, 234 S.W. 45, we declared an entire act to be invalid, in the face of such a clause, because we concluded that if the legislature had known in advance that part of the act was unconstitutional it would not have enacted the rest. That is really the test.
237 Ark. at 748.
Stated similarly, the test for determining whether the provisions of a legislative enactment are severable is whether they are so connected together in meaning that it cannot be presumed that the legislature would pass one without the other. Smith v. Bentley,493 F. Supp. 916 (E.D. Ark. 1980). If, when the unconstitutional portion of the act is stricken, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, independent of that which is invalid, it will be sustained. Borchert v. Scott,248 Ark. 1041, 460 S.W.2d 28 (1970).
Applying these precepts in this instance, it cannot reasonably be contended that the publication requirements in § 7-9-107(e) and (f) are complete in themselves, independent of the invalid provisions. On the contrary, it is apparent, in my opinion, that these provisions are interdependent and operate together for the same purpose such that it cannot be presumed that the legislature would have enacted one without the other. It is clear that the legislature intended the publication requirement to apply to those ballot titles and popular names submitted for early certification by the Secretary of State. The apparent purpose of the publication requirement was to inform the public of that certification and the procedure for contesting it. A.C.A. §7-9-107(e)(1)(A) (Repl. 1991). It is my opinion that this publication requirement would not have been enacted in the absence of this so-called "early certification" process. Finn,303 Ark. at 425. The separate publication requirement in A.C.A. §7-9-113 (Supp. 1991) serves to notify the electors of any proposed or referred measure to be voted upon. Thus, no purpose would be served in requiring publication under § 7-9-107(e) independent of the review procedure held unconstitutional inFinn, supra.
It is therefore my opinion that in light of Finn v. McCuen,
publication is not required under § 7-9-107(e). It thus follows that the cost provision in § 7-9-107(f) is not effective.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] These provisions established the procedure for the court's review of the Secretary of State's certification of a popular name and ballot title under subsection (e)(1)(A), which permitted submission of a popular name and ballot title for certification prior to September 30 of the year preceding the year in which the initiative would be voted on.