The Honorable Jodie Mahony State Representative 106 W. Main, Ste. 406 El Dorado, AR 71730-5637
Dear Representative Mahony:
You have presented the following question for my opinion:
 Is a simple majority vote sufficient to pass House Bill 2662, or is a three-fourths vote necessary?
House Bill 2662 is entitled "An Act To Levy An Additional Tobacco Excise Tax On Cigarettes of Seven Percent (7%) of the Gross Invoice Cost of Cigarettes To a Retailer; and For Other Purposes."
Response
The answer to your question is not entirely clear under Arkansas precedent. It is my opinion that certain aspects of the tax that would be levied under House Bill 2662 could give rise to an argument that the bill is subject to Article 5, § 38 of the Arkansas Constitution (requiring a three-fourths vote); however, those aspects of the tax are counterbalanced by other aspects of the tax that could provide a basis for a viable argument that the bill falls within Article 5, § 37 (requiring only a simple majority vote). I will discuss the various facets of the issue below.
As indicated, the pertinent question is whether House Bill 2662 falls within the provisions of Article 5, § 37, or Article 5, § 38 of the Arkansas Constitution. Both of these sections were added to the constitution by Amendment 19, which was adopted in 1934.
Article 5, § 37 states:
 Not less than a majority of the members of each House of the General Assembly may enact a law.
Ark. Const., Art. 5, § 37 (as added to the Constitution by Amendment 19).
Article 5, § 38 states:
 None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
Ark. Const., Art. 5, § 38 (as added to the Constitution by Amendment 19).
If House Bill 2662 is governed by Article 5, § 37, a simple majority will suffice to pass the bill. If it is governed by Article 5, § 38, either a three-fourths vote of the General Assembly or a popular vote by the electors is necessary to pass it.
As I recently explained in Opinion No. 2003-102, the Arkansas Supreme Court has held that the phrase "now levied," as used in Article 5, § 38, renders that provision inapplicable to any new tax imposed after the adoption of Amendment 19 in 1934. See Caldarera v. McCarroll,Commissioner of Revenue, 198 Ark. 584, 129 S.W.2d 615 (1939). A concurring opinion in Caldarera interpreted the phrase "now levied" to mean that a popular vote or legislative supermajority is required only if a bill would effect an increase in a tax levied at the time of the adoption of Amendment 19. Caldarera, supra (Smith, J., concurring).Accord, Miller v. Leathers, 311 Ark. 372, 843 S.W.2d 850 (1992); Ops. Att'y Gen. Nos. 2003-102; 95-086; 91-012; 89-325; 88-325.
House Bill 2662 levies a "cigarette excise tax" on tobacco retailers, "in addition to the excise or privilege taxes levied on cigarettes under §§26-57-208, 26-57-802, and 26-57-803." The rate of the tax is to be calculated on the basis of 7% of the wholesaler's gross invoice cost. The tax is collected by the wholesaler from the retailer. The retailer has the option of passing the tax on to the consumer. The question, then, is whether House Bill 2662 effects an increase in any tax that was levied at the time of the passage of Amendment 19 in 1934.
In 1934, an excise or privilege tax was levied on retailers of tobacco products under Act 152 of 1929. That tax differed from the tax that would be levied under House Bill 2662 in the following respects:
 (1) It was calculated in a different manner ($2.00 per thousand cigarettes) than the tax under House Bill 2662;
 (2) It was collected in a different manner (through the purchase of stamps from the commissioner of revenue) than the tax under House Bill 2662; and
 (3) The retailer was not specifically authorized to pass the tax on to the consumer.
On the other hand, the tax that was levied under Act 152 of 1929 shared the following features with the tax that would be levied under House Bill 2662:
(1) It was an excise tax;
 (2) It was a tax that retailers were ultimately responsible for paying;
(3) It was a tax on cigarettes.
The issue of whether House Bill 2662 should be governed by Article 5, § 37, or by Article 5, § 38 is complicated by the fact that the tax that would be levied under House Bill 2662 both differs from and resembles the tax that was levied under Act 152 of 1929. A crucial question will be which of the features of House Bill 2662's tax the court would consider most pertinent to the issue — those features that differ from the 1929 tax, or those features that it shares with the 1929 tax. In this regard, it is helpful to review which features of the tax that was at issue inCaldarera the court considered to be most pertinent to its decision in that case.
In Caldarera, the court was considering a challenge under Amendment 19 to a "Beer Consumers' Sales Tax," imposed by Act 310 of 1939 upon "all sales of beer at retail." A group of wholesalers challenged the tax, arguing that it constituted an increase in a privilege or excise tax imposed upon wholesale beer dealers by Act 7 of 1933 (and by two later acts, Act 108 of 1935, and Act 236 of 1937). Under the new (1939) act, the tax was to be collected by the wholesaler as agent for the state, but paid by the retailer. The retailer had the option of passing the tax on to consumers in a designated amount. Under the older acts, the tax was paid exclusively by wholesalers, who were not authorized to pass the tax on to retailers or consumers. In comparing the features of the two taxes, the court seemed to place the most emphasis upon the fact that the ultimate burden of paying the two taxes fell upon different parties. The court stated:
 There is no ambiguity in the language used in Act 310 of the Acts of 1939 that might be or could be construed to mean that the Legislature intended to increase the rate of the privilege or excise tax imposed upon the wholesale dealers of intoxicating beer by other acts of the Legislature. It is an excise or privilege tax imposed upon the retailer of intoxicating beer with the privilege of the retailers to pass it on to the consumers by increasing the retail price of intoxicating beer of no more than one cent per bottle or glass of approximately twelve ounces. It has nothing whatever to do with the excise or privilege tax imposed by existing acts upon the wholesale dealer. They are separate taxes imposed upon different classes of people which the retailer may pass on to the consumer by including it in the retail price under certain restrictions, or the retailer may absorb it himself if he wants to sell beer at the same old price.
Caldarera, 198 Ark. at 587 (emphasis added).
Later in the opinion, the court reiterated:
 Our conclusion is that the legislative intent by the passage of Act 310 of the Acts of 1939 was to levy a new tax upon different parties other than a tax under the previous beer laws of the state and is not an attempted increase of the taxes levied by previous acts upon wholesale dealers[.]
Id. at 588 (emphasis added).
Again, the court stated: "[T]he effect was to impose a new tax upon adifferent party and to make wholesale dealers the agent of the state for collecting the new tax for the state. Id.
The Caldarera court's emphasis upon the difference in the parties bearing the ultimate tax burden under the two acts in question leads me to conclude that this factor could give rise to an argument that House Bill 2662 is subject to Article 5, § 38 and would require a three-fourths vote for passage. More specifically, because the tax that would be levied under House Bill 2662 would ultimately be borne by the same class of taxpayers who bore the tax burden under Act 152 of 1929 (i.e., cigarette retailers), the tax levied under House Bill 2662 could well be deemed to constitute an increase in a tax that was levied at the time of the passage of Amendment 19, thus requiring a three-fourths vote for passage — despite its differences from that earlier tax. (The fact that House Bill 2662 allows the retailer to pass the tax on to consumers does not change the fact that the ultimate burden of payment is on the retailer.) Nevertheless, because of the differences, noted above, between the tax that would be levied under House Bill 2662 and the tax that was levied under Act 152 of 1929, I am reluctant to state conclusively that House Bill 2662 clearly falls within Article 5, § 38, requiring a three-fourths vote. Only a court can conclusively determine this issue, considering the particular features of the tax under House Bill 2662.
I must note one other issue that could weigh in favor of a conclusion that House Bill 2662 requires only a simple majority vote for passage. The tax that was levied upon retailers under Act 152 of 1929 was shifted in 1937 to wholesalers (by Act 336 of 1937). Thus, Act 152's tax on retailers has not existed since 1937. An argument could be made that since that tax on retailers does not now exist, the tax created by House Bill 2662 cannot have the effect of "increasing" the 1929 tax, and is therefore necessarily a new tax. The argument would be that in order to be "increased," a tax must necessarily exist. Something that does not exist cannot be increased; rather, it can only be created anew.
The Arkansas Supreme Court has not addressed a situation like this. The only case in which the court has held a tax to constitute an increase in a tax levied at the time of the passage of Amendment 19 was a situation in which the tax in question still existed at the time of the passage of the increase. See Combs, Com. of Ins. v. Glen Falls Ins. Co.,237 Ark. 745, 375 S.W.2d 809 (1964). The court has never addressed a situation in which a new tax is enacted that is the same as one that was levied at the time of the passage of Amendment 19, but that does not exist at the time of the passage of the new tax. It is not clear how the court would treat such a situation. In my opinion, a convincing argument could be made that the intent of Article 5, § 38, was to prohibit increasing an already-existing tax burden on any given class of taxpayers, and that if a tax that existed in 1934 is later removed, an enactment of a similar tax later would not increase an existing tax burden. It is not at all clear, of course, that such an argument would be successful. Indeed, I note that this interpretation could give rise to abuse.[1]
Nevertheless, I point the argument out simply for the purpose of highlighting the fact that House Bill 2662 could give rise to a question of first impression under Article 5, § 38 of the Arkansas Constitution.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The potential abuse could take the form of avoiding the requirements of Article 5, § 38 by simply repealing an existing tax and then reenacting it. The question of whether abuse has occurred is, of course, a question that could only be addressed on a case-by-case basis.